# CHARLESTON.

## COMER *v.* CONSOLIDATED COAL AND MINING CO.

*(HOLT, JUDGE, absent.)

Submitted June 7. 1890.—Decided December 16, 1890.

BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.

In an action for tort for negligence, while the burden of proof of the negligence pleaded as the cause of the injury rests on the plaintiff, the burden of proof of contributory negligence of the plaintiff rests on the defendant.

*John Bassel* for plaintiff in error.

No appearance for defendant in error.

BRANNON, JUDGE :

Charles Comer having recovered a judgment for five hundred dollars against the Consolidated Coal & Mining

---

*Case submitted before Judge Holt's appointment.

Company of West Virginia, in an action of trespass on the case in Harrison county, that company had recourse to this writ of error.

The action sought damages for a burn received by Comer from a discharge of a blast, while mining coal in the defendants' mine, the misfortune being, as he claimed, attributable to the ignition from the blast of fire-damp, negligently suffered to accumulate in the mine for want of ventilation in violation of law, particularly of Acts 1883, c. 70, s. 10 (Code 1887, p. 978). The defence, among other things, was that there was no such fire-damp, or inflammable gas, in the mine, and that the accident came only from the powder-blast, while the plaintiff stood too near it, and that plaintiff was not an employe. There was a considerable volume of evidence tending to sustain these contentions. We have not the help of a brief for the appellee. The defendant complains of the refusal of his instructions Nos. 4 and 5.

Let us take up No. 4, which is as follows: "If the jury find from the evidence that the plaintiff was injured by the firing of a blast in the course of his employment, and the evidence as to the manner of his receiving such injury should leave it doubtful whether the injury was the result of imprudence and recklessness on the part of the plaintiff in exposing himself to the effects of the explosion of the powder, or whether it was the result of negligence on the part of the defendant in permitting explosives and inflammable gasses to accumulate in that part of the mine where the injury was received, then the burden of proof is upon the plaintiff to show that the injury was the result of the latter cause, and not of the former."

Certain principles pertinent to this action are settled. One is that the burden of showing the negligence of the defendant, pleaded as the cause of action, rests on the plaintiff. Cooley, Torts, 673; *Johnson* v. *Railroad Co.*, 25 W. Va. 577. After the plaintiff has met this requirement by showing negligence of the defendant causing him injury, and not until then, the plaintiff may rest until the defendant answers it. The defendant may meet a case satisfactorily proven on the part of the plaintiff by showing contributory negligence on the part of the plaintiff as the

proximate cause of the injury, but the burden of showing contributory negligence rests on the defendant. *Riley* v. *Railroad Co.*, 27 W. Va. 146; *Sheff* v. *Huntington,* 16 W. Va. 316. Under these principles, it was incumbent on the plaintiff, on the plea of not guilty, to show the presence of gas in the mine, and that it was ignited by the blast, and caused a flame which burned the plaintiff; and, if he had done this, his case, as to this point, was proven, and he might rest until he heard from the defendant. If the defendant wished to challenge the evidence as not sufficient to show these facts, he had a right to ask the court to instruct the jury that the burden was on the plaintiff to show them. If he wished to assert that there was no gas in the mine, and that the burn did not come from it, but from the powder-blast, and he wished to lay the two theories side by side before the jury, he might have asked an instruction that, if the evidence left it doubtful whether the injury was the result of the powder-blast only, or of negligence of the defendant in permitting gas to accumulate in the mine, the burden was on the plaintiff to show that the injury was the result of the latter, and not the former. But the defendant was not content with such an instruction. Not asking an instruction that the plaintiff must meet the burden of proof resting on him as to those things which he was bound to prove for a recovery, he inserts in instruction No. 4 the element of contributory negligence on the plaintiff's part, and makes the instruction say that the burden of proving that the injury came from the defendant's negligence, and not from the plaintiff's, rested on the plaintiff. In other words, the vice of the instruction is this: that it lays before the jury two theories as the cause of the injury —one that the plaintiff's imprudent and reckless exposure of himself to the powder-blast was its cause; the other that the presence of gas was its cause—as to one of which theories the defendant bore the burden of proof, while as to the other the plaintiff bore it; and then tells the jury that the burden was on plaintiff to show that the cause of the injury was the one, and not the other. The instruction is well drawn, but it, in effect, co-relates as to the burden of proof two things not to be co-related in that respect, and

brings under a common principle two things not subject to a common principle. It, in effect, says not only that the plaintiff must prove the defendant's wrong in allowing gas in the mine, but that he must show that the hurt came from that, and not from plaintiff's negligence. The law is that a plaintiff need not aver in his declaration that the hurt befel him without fault or negligence on his part, (*Sheff* v. *Huntington, supra*) and need not disprove his negligence, but the defendant must prove the plaintiff's contributory negligence. It may be said in answer to this that, though this instruction introduces the reckless exposure by plaintiff of himself to the blast as an element of its theory, yet that is immaterial and surplusage, because, if in fact the plaintiff's burn came only from the powder-blast, and not from the gas flame, the plaintiff could not recover, whether he exposed himself or not; but I think the prominent feature of the clause is the negligent exposure, not simply the burning from the blast regardless of that exposure, and that the jury might have construed it as requiring the plaintiff to clear himself of negligence by proving that he did not stand too near the blast, and satisfy the jury of it, thus relieving the defendant of that burden.

Then, as to instruction No. 5, which is as follows: "If the jury find from the evidence that the plaintiff might have been injured by the explosion of the powder, resulting from his negligence and carelessness in exposing himself to the effects of it, then the jury should find for the defendant, unless they further find that the preponderance of evidence shows that he was not so injured, but was injured by an explosion of gas improperly allowed to accumulate in that part of the mine where the plaintiff was injured by the negligence of the defendant." The defence contended that there was no gas in the mine, and the burn was solely attributable to the powder-blast, and from the plaintiff's carelessness in standing too close to it; in other words, that it came from the blast, and not from the gas, which was alone sufficient to defeat the plaintiff, and that the plaintiff was guilty of standing too near. The plaintiff contended that it was caused solely by the gas flame. Now, the defendant had a right to present these competing theories to

the jury, for their choice on the whole evidence, plaintiff's and defendant's. He had a right to have the court say that if, upon this evidence, it might be that the plaintiff was injured by the blast alone, the defendant could not be held liable, unless the jury should find that the preponderance of evidence showed he was not so injured, but was injured by an explosion of gas. In this instruction the jury are simply told that, on the issue between these competing theories of the parties, they should find where the preponderance of evidence would lead, and it is not open to the objection chargeable to instruction No. 4 in requiring plaintiff to bear the burden of showing that his hurt sprang from the negligence of the defendant. And from this instruction No. 5 we might exclude as immaterial the element of contributory negligence, for it relates to the whole evidence, and whether the injury flowed alone from the powder-blast, without negligence of plaintiff, or with it, it would not proceed from the gas, and the plaintiff could not recover; or we may retain the element of contributory negligence, and it is good. We think the instruction No. 4 was properly, and instruction No. 5 improperly, refused.

As the case goes back to the Circuit Court for another trial, we make no reference to the facts on the motion for a new trial, based on the ground that the verdict was contrary to the weight of evidence. On another trial instruction No. 5, if asked for, is to be given. The judgment is reversed, the verdict set aside, a new trial granted, and the case remanded for such new trial.

REVERSED.   REMANDED.