# CHARLESTON.

### W. E. MULLENS v. VIRGINIAN RAILWAY CO.

Submitted October 16, 1923.   Decided October 23, 1923.

1. RAILROADS—*Burden of Proving Contributory Negligence on Defendant.*

   In an action for personal injury for negligence, while the burden of proof of the defendant's negligence pleaded as the cause of the injury rests upon the· plaintiff, the burden of proof of contributory negligence of the plaintiff rests upon the defendant.

Error to Circuit Court, Wyoming County.

Action by W. E. Mullens against the Virginian Railway Company. From a judgment for defendant, plaintiff brings error.

*Reversed, and judgment entered.*

*F. E. Shannon* and *D. D. Moran,* for plaintiff in error.

*M. P. Howard, Williams, Loyall & Tunstall, Walter C. Plunkett,* and *Hall, Wingfield & Apperson,* for defendant in error.

MEREDITH, JUDGE:

This is an action for injuries to plaintiff and his wagon caused by defendant's train backing upon plaintiff and sideswiping his wagon while he was driving upon a road along defendant's track. Upon defendant's demurrer to the evidence, the jury returned a verdict for plaintiff in the sum of $448. The court sustained the demurrer and entered judgment for defendant. Plaintiff brings error.

The only question involved is whether plaintiff was guilty of contributory negligence. The injury occurred on the Winding Gulf Branch of defendant between Allen Junction and Wyco. Allen Junction is a flag station on the main line between Mullens, Wyoming county, and Beckley, Raleigh county. Wyco, in Wyoming, is a coal mining town located on Allen Branch of Winding Gulf, about half a mile from Allen Junction. Plaintiff's home and grocery store were located on the main line about half a mile below Allen Junc-.

tion and about a mile from Wyco. Defendant's passenger train, which at the time of the accident, was scheduled to leave Beckley about 9:40 A. M. and to arrive at Allen Junction about 11:30 A. M., had to back up Allen Branch from Allen Junction to reach Wyco. Plaintiff was engaged in the grocery business; his nearest freight station was Wyco. A wagon road practically parallels the railway from plaintiff's home to Wyco; this was frequently used by plaintiff in obtaining his stock of supplies and in delivering groceries in the coal mining village. It is not definitely and clearly shown that the road traveled by him is a public road, but it is frequently called that by witnesses and counsel. It was the only road there and was traveled by the public. We can reasonably infer from the evidence that it is a public road. The coal company, operating its plant at Wyco, had been taking some rock out of its mine and using it in building a wall probably between the creek and this public road, though just where is not clear as the facts in this case are not properly developed; the refuse rock was used by the coal company in making a fill for the road. The rock was piled along the road for some distance and crowded or shifted the traveled way over toward the railway and rendered the passage so narrow for a distance of thirty-five or forty feet where the injury occurred that persons driving wagons toward Wyco were compelled to drive so that the left wheels would go very near to or upon the ends of the railway company's cross ties. The loose rock was piled some three or four feet high and partly sloped into the road. It was piled there at different times and frequently removed, but it appears that the narrow passway had been there for some months. About noon on January 18, 1921, plaintiff was driving a one-horse spring wagon toward Wyco. While in this narrow passway, the passenger train going in the same direction backed alongside his wagon. The steps from the first coach caught his wagon, shook or jostled it and pulled loose, but the step from the second caught and overturned the wagon, throwing plaintiff out, injuring him and demolishing the wagon. There is no attempt made by defendant to show that any whistle was blown or warning of any kind given. Indeed,

it affirmatively appears that there was no warning. It also appears to be clear that the defendant was aware or ought to have been aware of the danger. The traveled narrow way was open to view and had been so for months. It was crowded narrower at some times than at others owing to the fact that the workmen would remove the rock as it was placed in building the wall or in making the fill, but that it was narrow and dangerous to travel while trains were backing past that point must have been apparent to the most casual observer. Under the circumstances it became and was the duty of defendant to sound a warning for this point just as much so as if it had been a railroad crossing, as defendant was aware of the public travel there and knew of the danger. To fail to give warning was negligence. Defendant's negligence is not denied. But defendant contends that plaintiff was also negligent and that his negligence contributed to his injury. If so he cannot recover. Contrary to statements of defendant's counsel, it does not appear that plaintiff, when injured, was on any part of defendant's right of way, or that he was a trespasser. One witness says the right of way is fifty feet wide, but it is nowhere located with reference to the point of injury. We cannot assume that plaintiff was trespassing. It is also claimed that the evidence shows that plaintiff failed to exercise due care; that he failed to stop, look or listen. Whether it was his duty, under the circumstances, to stop, look and listen, before entering the narrow passage, we need not decide; but conceding that it was his duty to do all or any of these things, does the evidence show that he so failed? Upon this point plaintiff did not testify. John Allen was on the wagon with him. A number of other witnesses saw plaintiff immediately before the injury and some of them saw the whole occurrence, yet no one was asked a single suestion upon this point. Allen was asked if he had occasion to or did see the train coming behind him. He answered that he did, when it was right on him; that he just looked over his shoulder and noticed it about two or three seconds before it passed. When asked what he said or did, he answered

"We was riding along and it was in January and
94 W. Va.

cold and the ground froze and the wagon was making a fuss; we was sitting up in a spring seat in a one-horse wagon, going up to Wyco, and the train come behind us—I was next to the track and I heard a fuss, a curious fuss, it sounded curious behind me, and I turned my head like that and said, 'Look out, Mr. Mullens, here is the train,' and he jerked the horse around and the stone was on the right hand side coming up towards Wyco, and by that time the first coach just darted by us and touched the wagon, I don't know what part it brushed. I said, 'Look out, Mr. Mullens,' and about that time the last thing I remember until I come to myself and I was on my way to Mullens, about half way between Corinne and Mullens."

Plaintiff, upon being asked when he discovered the train, answered:

"Well, the first thing I knowed anything about it Mr. Allen hollered, 'Look out' and grabbed me by the shoulder. He was sitting on the seat next to the train. I wheeled my head that way and the car was coming on me right then—well, it might have been half a rail distance, or something like that, just a few feet, and I wheeled my head and by that time it hit the wagon and bounced me on the seat and him grabbing at me, and in some few seconds it caught on the steps of the next car."

From this, defendant would have us infer that plaintiff neither stopped, looked nor listened for the train before entering the narrow passway, but there is nothing in this testimony to show whether plaintiff did or did not so stop, look or listen. Whose duty was it to prove that plaintiff failed to stop, look or listen? Under the decisions of this court, it has uniformly been held in actions for personal injury that if plaintiff's negligence contributed to the injury complained of, his contributory negligence is a matter of defense, and the burden of proving it is on the defendant unless it is shown by the evidence adduced on plaintiff's behalf. *Snyder* v. *P. C. & St. L. Ry. Co.*, 11 W. Va. 14; *Sheff* v. *City of Huntington*, 16 W. Va. 307; *Fowler* v. *B. & O. R. R. Co.*, 18 W. Va. 579; *Johnson* v. *B. & O. R. R. Co.*, 25 W. Va. 570;

*Gerity's Admx.* v. *Haley,* 29 W. Va. 98; 11 S. E. 901; *Comer* v. *Cons. Coal and Min. Co.,* 34 W. Va. 533; 12 S. E. 476; *Flannegan* v. *C. & O. Ry. Co.,* 40 W. Va. 436, 21 S. E. 1028; *Bowles* v. *C. & O. Ry. Co.,* 61 W. Va. 272, 57 S. E. 131.

. That the burden of proving contributory negligence is on the defendant is not only the long established rule in this court but the rule has been adopted in the United States Supreme Court and nearly all the other states of the Union. 1 Shearman and Redfield's Negligence, sec. 108, and cases there cited.

There is nothing in the facts proved from which we can as matter of law impute negligence to the plaintiff. We, therefore, reverse the judgment and enter judgment here for plaintiff.

*Reversed; judgment entered here for plaintiff.*