# CHARLESTON.

NANCY TRUMAN *v.* WINK-O PRODUCTS COMPANY.

Submitted March 11, 1924.    Decided April 15, 1924.

TRIAL.—*Instructions Must be Read as Whole; Judgment Not Reversed for Incorrect Instructions Unless Misleading.*

Instructions must be read as a whole; and if, when so read, it is apparent they could not have misled the jury, the verdict will not be disturbed, though one or more of them may not have completely stated the principles intended to be announced for the jury's guidance.

Error to Circuit Court, Kanawha County.

Action by Nancy Truman against the Wink-O Products Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*J. Howard Hundley,* for plaintiff in error.

*A. J. Barnhart* and *B. J. Pettigrew,* for defendant in error.

LITZ, JUDGE:

In an action on the case the plaintiff recovered a verdict and judgment of $1,000.00 against the defendant for injury sustained by her on account of the alleged negligent operation of its motor truck. The defendant brings error.

The plaintiff, about sixty years of age, residing on Young street, in the city of Charleston, maintains herself and invalid husband by doing laundry work. On July 22d, 1922, about seven o'clock a. m., while crossing Dryden street to

deliver a bundle of laundry, carried in her arms, she was struck and run over by defendant's Ford motor truck, going south on the west side of the street, and thereby seriously injured.

Young street, running east and west, and Dryden street, north and south, intersect at right angles about ninety feet north of the point of the accident, the latter street being thirty-two feet in width between curbs. The plaintiff entered Dryden street from the east, coming from her home in a southwesterly direction across the K. & M. railroad tracks and by a path through territory between the railroad tracks and Dryden street; thence across the street to the point of accident. She was wearing a sun-bonnet, but claims to have kept a lookout for vehicles as she crossed the street without hearing or seeing the approach of the truck. The driver of the truck admits that he saw the plaintiff at a distance of ninety feet or more as she came across the street and made no effort to stop until the truck was on her; but claims to have sounded a warning signal. His explanation follows:

> "This accident happened between Young and Court on Dryden, coming up on the right hand (west) side. There is a little path leads from the railroad down on that (east) side of the street, that is something on the order of fifty feet from the crossing that leads off the railroad down *where ofttimes people walk.* The lady had walked down over this little pathway, come across the street and I was coming up Dryden, and I was not making much time on account of the rough streets and lay close to the curb, keeping one wheel off the rough road on account of the load I had on the truck and on account of the new truck being stiff. I blew my horn. *She didn't pay much attention,* took her good time. She was in sort of a diagonal position across the street. She was not coming square across. I was driving up. I figured she was going to let me go by *because she was going slow.* Just about the time I got even with her, she turned over in front of me. Last minute that I seen I couldn't dodge her I holloed to her. *I thought probably she didn't hear my horn.* Having a good voice I could hollo louder than the horn blew. *She paid no attention.*"

His testimony further shows that he stopped the truck by

the application of the emergency brake within a distance of from four to eight feet. There is evidence that the driver was not looking ahead at the time he approached the plaintiff, but was observing some women on a porch to his right. Taking his statement, however, as true, it does not, in our opinion, under the circumstances, establish proper care on the driver's part in continuing his progress until the plaintiff had actually stepped in front of the truck or was in the act of doing so. If, as he states, she was crossing the street diagonally, in a southwesterly direction, with her face covered partially by a sun-bonnet, the truck was not in the line of her vision. This situation he actually, or could have, observed. According to his version plaintiff continued her course as if unaware of the approaching truck. He says: "She didn't pay much attention. She paid no attention." The only reason stated by the driver for assuming that the truck would "get by" without colliding with the plaintiff is that "she was going slow." There is no evidence that she at any time quickened her gait, and his only claim of surprise is that plaintiff's last step was slightly more at right angle with the curb than those marking her previous course. He knew she was making her way to the opposite side of the street and might, therefore, at any moment adopt the shortest route. The circumstances do not indicate that this slight deviation, if actual, was responsible for the accident. Besides, other evidence tends to prove that the plaintiff came directly across the street and had almost reached the west curb when struck.

The verdict and judgment are clearly sustained by the evidence, and this notwithstanding the plaintiff may have been negligent in failing to exercise proper precaution for her safety.

The mere fact of negligence will not excuse the infliction of an injury, where by due care and caution the injury may be avoided by the one inflicting it. One may negligently place himself in a situation where danger may reasonably seem imminent; yet if injury is avoidable by another through the exercise of reasonable care, the carelessness of the person affected does not excuse the infliction of an injury. *Deputy* v. *Kimmell,* 73 W. Va. 595; *Railway* v.

*Spencer,* 104 Va. 657; *Riedel* v. *Traction Company,* 69 W. Va. 18.

Nine of the thirteen instructions tendered by the defendant were given. The first of the four refused was peremptory, and under the evidence, clearly wrong. The remaining three were properly rejected as having been covered by others given.

Plaintiff's instruction No. 3, given, stating that the burden of proof is on the defendant to establish contributory negligence, is seriously questioned. It is said that the instruction should have expressly authorized the jury to consider, on this issue, the evidence adduced for the plaintiff. We may assume that this instruction, standing alone, would tend to exclude from consideration plaintiff's evidence, and, therefore, for this reason mislead the jury. The court, however, at the instance of defendant, submitted to the jury seven instructions fully supplementing the one under consideration in the particular complained of.

Instructions must be read as a whole; and if, when so read, it is apparent they could not have misled the jury, the verdict will not be disturbed, though one or more of them may not have completely stated the principles intended to be announced for the jury's guidance. *Neil, Admr.* v. *West Va. Timber Co.,* 75 W. Va. 502; *Runnion* v. *Morrison,* 71 W. Va. 254; *Lay* v. *Coal & Coke Co.,* 64 W. Va. 288; *Adamson* v. *Norfolk etc. Trac. Co.,* 111 Va. 556. The instruction is not binding and correctly states an abstract proposition of law. It is therefore criticized solely on the ground of incompleteness for the particular case. As a general rule, the burden of proof is on the defendant to show contributory negligence of the plaintiff, if it be relied on as a ground of defense. *Haptonstall* v. *Coal Co.,* 78 W. Va. 412; *Ewing* v. *Lanark Fuel Co.,* 65 W. Va. 726, 735; *Bartley* v. *Railway Co.,* 81 W. Va. 795, 800; *Mullens* v. *Railway Co.,* 94 W. Va. 601, 119 S. E. 852.

The judgment will be affirmed.

*Affirmed.*