# CHARLESTON.

W. G. BUCHANAN *v*. NORFOLK & WESTERN RAILWAY COMPANY *et als*.

(No. 5662)

Submitted October 19, 1926.    Decided October 26, 1926.

RAILROADS—*If Crew of Railroad Motor by Proper Care Could Have Seen Automobile Driver's Danger, But Made no Effort to Avoid Collision, Question of Last Clear Chance May be Properly Submitted.*

Where the driver of a car demolished on a railroad crossing by an electric railway motor was clearly guilty of contributory negligence in entering upon the crossing, yet if the facts and circumstances were such that it may be reasonably inferred therefrom that the crew of the motor by the exercise of proper care could have seen and appreciated the driver's imminent danger, but if seen or appreciated, thereafter made no effort to avoid the accident, the question of the last clear chance may be properly submitted to the jury.

(Railroads, 33 Cyc. p. 1129.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, McDowell County.

Action by W. G. Buchanan against the Norfolk & Western Railway Company and others. The trial court set aside a verdict for plaintiff, and plaintiff brings error.

*Order set aside; verdict reinstated; judgment here.*

*J. N. Harman, Jr.,* and *James W. Harman,* for plaintiff in error.

*Strother, Sale, Curd & Tucker* and *F. M. Rivinus,* for defendants in error.

LIVELY, JUDGE:

This is an action by plaintiff to recover damages for the demolition of his Ford coupe when it was struck on a public crossing by an electric motor of defendant railway company operated by E. J. Bralley and A. P. McIntosh, as engineer and helper, respectively, and who are joined with the railway company as party defendants. . Upon defendants' motion, the lower court set aside a verdict of $600.00 in plaintiff's favor, and awarded a new trial. This writ followed.

A statement of the main facts will be found in *L. C. Buchanan* v. *Railway Company,* 99 W. Va. 326. However, they are not the same in entirety, as hereinafter pointed out. The facts are different in one material and vital point.

The errors relied upon for reversal are the setting aside of the verdict, and the failure to enter judgment on the verdict.

A considerable portion of the briefs filed deals with the question of whether the contributory negligence of the occupants of the car, E. M. Stapleton and L. C. Buchanan, can be imputed to the plaintiff who was the owner of the automobile but was not an occupant at the time of the accident. Plaintiff claims that the occupants of the car were mere trespassers, or at the most bailees, and their negligence contributing to the destruction of the car was not his negligence, and the defendants being negligent, are responsible to him irrespective of the contributory negligence of his bailees or the trespassers who took his car without his authority or consent. From the view which we take of this case it will be unnecessary to discuss this proposition. The imputing of the negligence of the occupants of the car to plaintiff was contained in the court's instructions to the jury. The only instructions given were as follows:

Plaintiff's instruction No. 5, as modified by the court—"The Court further instructs the jury that if you believe from the

evidence that the servants of the defendant company in control of the electric motor discovered, or by the exercise of reasonable care should have discovered, the automobile upon the track and the peril of said E. M. Stapleton and L. C. Buchanan and that there was super-added any facts and circumstances brought home to the knowledge of the employees of defendant company in charge of the motor sufficient to put a reasonable man upon his guard, that E. M. Stapleton and the driver of the automobile were apparently unconscious of their peril and would take no steps to secure their own safety, and that this was in time for the employees of the defendant company in charge of said motor to have stopped the motor or reduced its speed and avoided the accident, and they failed to do so; then you shall find for the plaintiff, although you may further believe from the evidence that the said E. M. Stapleton and the driver of the automobile were guilty of contributory negligence in going upon the crossing."

And defendants' instruction No. 5—"The Court instructs the jury that even though the defendants may have been negligent in not sounding the crossing whistle or in not ringing the bell, and even though the warning bell at the crossing was not ringing, yet they can not find for the plaintiff on account of those things because under the evidence of this case the driver of the plaintiff's car is bound to have seen the approaching train had he looked and accordingly as a matter of law the Court instructs the jury that the plaintiff's driver in this case was guilty of contributory negligence and in order to find at all for the plaintiff the jury must believe and believe by the preponderance of the evidence, the burden of proof being upon the plaintiff, that when the automobile actually started upon the crossing the railway motor was a sufficient distance away to have enabled those in control thereof to have checked it or stopped it with safety to it and those on it by the use of reasonable care."

So, if under the facts and circumstances of this case, the question of last clear chance was properly submitted to the jury, their decision will be determinative of the issues presented herein. The trial court did not pass upon the motion

to set aside the verdict and grant a new trial, until the suit of L. C. Buchanan against the railway company and others, for personal injuries arising out of this same accident, was decided by this court. While the order setting aside the verdict does not state the ground for so doing, it seems clear that the court based its action upon the decision of this court in the *L. C. Buchanan* case, as reported in 99 W. Va. 326, wherein it was held that under the facts and circumstances as there developed, the doctrine of last clear chance could not be invoked. Evidently the trial court remembered the facts as being the same in both cases.

Does the evidence in the instant case disclose the same state of facts as that brought out in the *L. C. Buchanan* suit? In the case at bar the railway company put only one witness on the stand, their claim agent, who explained certain photographs introduced in evidence and gave estimates of distances and measurements relating to the opportunities for observation of the motormen and the occupants of the car. The plaintiff's evidence uncontradicted was that the crossing gong did not ring, and that no crossing warnings were given by the crew of the electric motor.

But in this case, as in the *L. C. Buchanan* suit, the evidence discloses that the occupants of the car were guilty of contributory negligence in not keeping a proper lookout for the electric motor which could be seen for a distance of over eleven hundred feet from the place the automobile entered upon the eastbound track, and the court so instructed the jury. However, the evidence also shows that the men operating the electric motor were in a position to see the entire railroad crossing where the automobile entered upon the tracks, for a distance of over eleven hundred feet. The speed of the automobile was about five miles an hour, and it had to travel a distance of thirty-three feet from the time it entered upon the crossing until it reached the point of the accident on the third and west-bound track. It is true that this would take but a few seconds, and it would probably demand quick action on the part of the crew of the motor to prevent a collision when the presence of the occupants of the car and their ap-

parent unconsciousness of their dangerous position became known or by the exercise of reasonable care should have become known to the crew. The speed of the motor at and just before the time of the accident is not in evidence. It was "light", that is, had no cars attached, and was either drifting down-grade or going under its own power. It did appear that the maximum speed of a motor of this type was twenty-eight miles an hour when under its own power. Nor is there satisfactory evidence as to the location of the motor at the time the automobile started across the railroad tracks. One witness, Mrs. Carlock, said the motor was near where the section-house stands (450 feet from the crossing) about the time the automobile reached the middle track. We think this was an approximation, in view of the physical facts. Neither does it appear when or where the operators of the motor first saw the automobile upon the tracks, if it was seen at any time by them. There is no evidence as to the efforts of the defendants to stop the motor; nor does the evidence show in what distance the motor could have been stopped. If the car was going at five miles an hour and the motor at twenty-eight miles per hour, the latter must have been at least 160 feet from the crossing when the former entered the zone of danger. Could the motor have been stopped or its speed greatly reduced before it reached the crossing? The record is silent. It is in evidence, however, that no effective effort was made to check the speed. An examination of the decision in the *L. C. Buchanan* suit reveals the vital difference in the facts of the two cases.

Under the facts and circumstances herein developed the question of the last clear chance was properly submitted to the jury. The occupants of the car were guilty of contributory negligence, and granting, but not deciding, that their contributory negligence was imputable to the plaintiff, yet it was the duty of the operators of the electric motor to have used proper care to discover the danger of the occupants of the car on the public crossing, who were evidently unconscious of their peril, and after discovering their perilous situation, to have used reasonable care to avoid injuring them. And

if, as in this case, the evidence renders it doubtful whether or not such care was used, the question is one for the jury. *Gunter's Admr.* v. *Southern Ry. Co.*, 126 Va. 565.

"The mere negligent act of one person will not excuse negligent injury to him by another. If, therefore, a person who negligently places himself in a situation of imminent danger is injured by one who by the exercise of reasonable care could have avoided such injury, the negligence of the former will not bar recovery." *Deputy* v. *Kimmel*, 73 W. Va. 595; *Truman* v. *Products Company*, 96 W. Va. 256. And, "The party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible." Quarterly Law Review, Vol. 2, page 507, quoted in *Boyles* v. *Wheeling Traction Co.*, 71 W. Va. 320.

We perceive no reversible error in the trial. The question of the last clear chance was submitted to the jury in the instructions above quoted, and the jury in its province has by its verdict found that the negligence of defendants was the proximate cause of the demolition of the car.

The order setting aside the verdict will be reversed, the verdict reinstated, and judgment entered thereon.

*Order set aside; verdict reinstated; judgment here.*