# CHARLESTON.

POLLY JEFFRIES, *Admrx. v.* GEORGE C. ASHCRAFT

(No. 6018)

Submitted November 8, 1927. Decided November 29, 1927.

1. APPEAL AND ERROR—*Refusal to Order Mistrial Because of Evidence Indicating Defendant Automobile Owner Was Insured, Which Jury Was Instructed to Disregard Held Not Ground for Reversal, Where Verdict Was Supported by Preponderance of Evidence.*

In an action for damages against the owner for the negligent operation of an automobile, the refusal of the trial court to order a mis-trial because counsel for the plaintiff on cross-examining a witness elicited evidence indicating the

defendant was protected by indemnity insurance (the jury having been instructed to disregard the objectionable evidence), is not ground for reversal, if the verdict for the plaintiff is supported by the plain preponderance of the evidence. (p. 639).

(Appeal and Error, 4 C. J. § 3201.)

2. EVIDENCE—*Ex Parte Map or Plat of Scene of Accident, Approximately Correct, Held Admissible.*

An ex parte map or plat of the scene of the accident, shown to be approximately correct, may be used to illustrate and apply the evidence in the trial of such case. (p. 639).

(Motor Vehicles, 42 C. J. § 1024.)

3. NEGLIGENCE—*Negligence of One in Placing Himself in Imminent Danger Will Not Bar Recovery Against One for Injury Avoidable by Reasonable Care.*

The mere negligent act of one person will not excuse negligent injury to him by another. If, therefore, a person negligently places himself in imminent danger and is injured by one who, in the exercise of reasonable care, could have avoided such injury, the negligence of the former will not bar recovery. (p. 640).

(Motor Vehicles, 42 C. J. § 1150.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wyoming County.

Action by Polly Jeffries, administratrix of Ballard Price, deceased, against George C. Ashcraft. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Worrell & Phillips* and *Joseph M. Crockett,* for plaintiff in error.

*D. D. Moran,* for defendant in error.

LITZ, JUDGE:

The plaintiff, Polly Jeffries, as administratrix of Ballard Price, deceased, obtained a verdict and judgment of $5,000.00 against the defendant, Geo. C. Ashcraft, for the alleged wrongful death of the decedent, resulting from injuries sustained by him in a collision between a Maxwell sedan automobile owned and operated by the defendant, and a Ford coupe

car (the left running board of which Price was riding) on a
public road in Wyoming county, February 16, 1926, between
7:30 and 8:00 o'clock P. M.

The evidence for the plaintiff is to the effect that the Max-
well automobile was traveling 35 or 40 miles an hour, and
that the Ford had almost, if not completely, stopped near the
edge of the concrete surface of the road (sixteen feet wide)
at the time of the collision; that the Maxwell car, after cross-
ing the center of the road, and striking the Ford a glancing
blow turned on its right side; and that the defendant was
under the influence of liquor, and had been driving wreck-
lessly immediately before the accident. The left front fender
of the Ford was mashed where it joins the running board.

According to the testimony of numerous witnesses for the
plaintiff, including two members of the State Police, who
viewed the scene of accident a few minutes afterward, defi-
nite marks on the road, caused by the skidding of defendant's
car, as well as its position after stopping, showed it was occu-
pying the center of the road at the time of the collision.
Neither the defendant nor any one else in his behalf denies the
existence or location of these marks. The body of Price was
lying on the right side of the road in the direction the Ford
was traveling.

The defendant testified, in substance, that the right wheels
of his car got off the concrete a short distance before reach-
ing the point of the accident, but that he could not say
whether any of the wheels were traveling on the dirt portion
of the road at the time of the collision; that the headlights
from the other car indicated that "it was coming on its side
of the road up to the time of the accident"; that his car was
moving on the right side of the road about 25 miles an
hour; and that he was not drunk or drinking at the time of
the accident. In answer to the question by his counsel, "How
do you account for the accident, Mr. Ashcraft?" he replied,
"Well, I think I was hit in the wheel was the cause of the
accident. The balloon casings are large, and they cover the
hub cap, and my hub cap was knocked off and I don't know
what accounted for that. My bumper wasn't hurt and the
front end of my fender wasn't hurt." He later stated, in

answer to the question as to whether the fenders of his car were hurt, that "the rear two wasn't." A witness who was riding with the defendant about thirty minutes before the accident testified that he was driving "crooked" and "crossways the road" at that time; and another witness who was riding with the defendant at the time of the collision, says that he ran into a ditch along the side of the road a short distance from the place of the accident. The defendant does not deny either of these charges; and in attempting to explain why his car got off the concrete a short distance from the point of accident, says, "I will explain it to you. Balloon casings with low pressure air when driving close they weave and you are liable to run off the road at any time from the fact that balloon casings weave."

The grounds specified in the assignment of error are: (1) the refusal of the trial court to declare a mistrial because of an answer elicited by counsel for plaintiff in the cross-examination of a witness indicating that the defendant was protected by indemnity insurance, the jury having been instructed to disregard this evidence; (2) the admission of a sketch or plat, portraying the scene of the accident, in connection with the evidence of witnesses; and (3) the refusal of an instruction tendered in behalf of the defendant.

As the verdict is, in our opinion, supported by the great weight and preponderance of the evidence, the overruling of the motion to discharge the jury because of the evidence indicating that the defendant was protected by indemnity insurance is not ground for reversal. *Moorefield* v. *Lewis*, 96 W. Va. 112, 123 S. E. 564. The sketch or diagram in question, having been made under the direction of a witness who viewed the scene of the collision immediately after the accident, and shown by various witnesses for the plaintiff to be substantially correct, was properly admitted for the purpose of illustrating to the jury the situation on the ground. "An *ex parte* map or plat of the scene of an accident may be used in evidence to explain the testimony of a witness in relation to points and distances referred to." *Arrowood* v. *S. C. & G. Extension R. R. Co.*, 126 N. C. 629, 36 S. E. 151. "A map or blue-print made by a surveyor, though not evi-

dence independently of his testimony, is properly admitted in connection therewith for illustration and explanation of his evidence." *Covert* v. *C. & O. R. R. Co.,* 85 W. Va. 64, 100 S. E. 854. "A plat or diagram of land or premises, shown to be approximately correct, may be used, on a trial of any kind before a court or jury, to illustrate and apply the evidence, or, in argument, to show the claim of a party, but is not of itself evidence. It is only so in connection with the evidence of witnesses." *King* v. *Jordan,* 46 W. Va. 106.

The evidence clearly showing that the collision was due to the negligence of the defendant, and that Price was riding on the Ford car with the acquiescence of the driver, the instruction requested by the defendant presenting the theory of contributory negligence by Ballard Price, was properly refused. The mere negligence of one will not excuse the infliction of an injury upon him by another, if the latter by the exercise of due care and caution could have avoided the injury. If, therefore, a person negligently places himself in imminent danger and is injured by one who, in the exercise of reasonable care, could have avoided such injury, the negligence of the former will not bar recovery. *Deputy* v. *Kimmell,* 73 W. Va. 595; *Railway* v. *Spencer,* 104 Va. 657; *Riedel* v. *Traction Company,* 69 W. Va. 18; *Truman* v. *Products Co.,* 96 W. Va. 256; *Buchannan* v. *N. & W. Railway Co.,* 102 W. Va. 426.

The judgment of the circuit court is affirmed.

*Affirmed.*