CHARLES F. REDMOND *v.* GREATER FAIRMONT BAKERY *et al.*

(No. 7605)

Submitted September 20, 1933.   Decided October 3, 1933.

*James G. Jeter, Jr., E. M. Everly* and *William P. Lehman,* for plaintiffs in error.

*R. Shirley Taylor* and *John D. Downes,* for defendant in error.

LITZ, JUDGE:

Defendants, Greater Fairmont Bakery Company (a corporation) and Jack Lally, complain of a verdict and judgment

for $8,700.00 against them in favor of plaintiff, Charles F. Redmond, for personal injury sustained by him when struck by a motor truck belonging to the company and driven by Lally as its servant on a public road in Monongalia County.

The injury occurred on a curve in the highway on the afternoon of February 24, 1931. Plaintiff testified that at the time of the accident, he was standing at the outside of the curve on the dirt berm two and one-half or three feet from the hard surface (fourteen feet wide) of the road looking into a nearby creek to locate a steel trap, which he had previously set. The truck driver stated that he first saw plaintiff, six or eight feet away, walking across the road, looking straight ahead. The evidence tended to show that the truck was being driven at an excessive rate of speed, and plaintiff admits he heard its approach.

The grounds of error are (1) that plaintiff was guilty of contributory negligence as a matter of law; and (2) that instructions Nos. 1 and 2, granted for the plaintiff, are erroneous.

In view of the ample width of the hard surfaced portion of the road and the fact that the berm at the point of accident seems to have been out of repair, and, therefore, not likely to be used by vehicles, contributory negligence of plaintiff was a question for the jury. It cannot be said as a matter of law, under the circumstances, that plaintiff should have kept a lookout for the truck.

The instructions, complained of, are criticized because (a) they do not interpret the terms negligence, contributory negligence or proximate cause; (b) instruction No. 1 does not require the jury to find *"from a preponderance of the evidence"* that the negligence of defendant was the proximate cause of the injury; (c) instruction No. 2 impliedly authorizes a verdict for plaintiff against both defendants if the negligence of the driver was the proximate cause of the injury, without requiring the jury to find the further fact, as against the corporation, that the driver was its servant, acting within the scope of his employment; and (d) the jury were permitted to find the driver guilty of negligence for operating the truck at an excessive rate of speed or for failing "in any

other respect'' to use reasonable care in its operation, the objection being directed at the latter phase of the charge.

Defendants were granted twenty instructions, some of which fully interpret the terms negligence, contributory negligence and proximate cause. Instructions must be read and considered together as an entirety. *Truman* v. *Wink-O Products Co.*, 96 W. Va. 256, 122 S. E. 745.

The second exception is without merit. The instruction, in this connection, states: ''If you (the jury) believe *from a preponderance of the evidence* that the driver of the truck was negligent, and that his negligence was the proximate cause of the plaintiff's injury'', etc. It will thus be seen that the instruction requires the jury to find ''from a preponderance of the evidence'' that the negligence of the driver was the proximate cause of the injury.

That Lally was the servant of the Bakery Company, acting in the scope of his employment at the time of the accident, is not controverted.

On the last point of objection, *Southern Ry. Co.* v. *Forgey*, 105 Va. 599, 54 S. E. 477, is cited. The court, in that case, condemned an instruction which allowed the jury to find for plaintiffs if defendants were negligent ''in any one, or all, of the particulars alleged in the declaration, *or otherwise.*'' The declaration in the action, brought against Southern Railway Company and Norfolk & Western Railway Company for alleged breach of a contract for the transportation of a car load of horses and mules, alleged that there was unreasonable delay in the shipment; that the animals were not unloaded in transit for food, water and rest as required by statute; and that defendants failed and refused to deliver the stock to the consignees. In commenting upon the instruction, the court said: ''It submitted to the jury questions of negligence not alleged in the declaration, as well as a question of negligence, which was alleged, but of which there was no proof.'' The declaration in the present case alleges that the driver was guilty of specific acts of negligence in exceeding the speed limit, and in failing to keep the truck on the paved portion of the highway. The evidence tends to establish each charge. It is common practice in personal injury cases to present the

issue of negligence in general terms without reference to the specific grounds averred. Numerous instructions on behalf of defendant in this case are so framed.

Finding no error in the record, we affirm the judgment of the circuit court.

*Affirmed.*