Missouri Pacific Railroad Company *v.* Wright.

Opinion delivered March 23, 1925.

1.  RAILROADS—FAILURE TO MAINTAIN LOOKOUT.—In an action for injuries received in a collision between a railroad train and an automobile at a crossing, it was error to submit to the jury the issue of a failure to keep a lookout, both because there was no allegation of negligence in this regard, and because it was undisputed that the view was obstructed so that the trainmen could not see any one approaching in time to avoid a collision.

2.  APPEAL AND ERROR—SUBMISSION OF IMPROPER ISSUE—PREJUDICE.—In an action for injuries at a railroad crossing the error of submitting an issue as to a failure to keep a lookout was prejudicial where the evidence on other issues was conflicting, there being no way to determine what effect the error had on the jury.

3.  TRIAL—REPETITION OF INSTRUCTIONS.—Refusal to give an instruction fully covered by another instruction given was not error.

Appeal from Pope Circuit Court; *J. T. Bullock,* Judge; reversed.

*Thos. B. Pryor* and *Vincent M. Miles,* for appellant.

*Ward & Caudle,* for appellee.

McCULLOCH, C. J.   While appellee was driving an automobile along a public highway across the railroad track in the city of Russellville, the car collided with the engine of a freight train, and appellee received severe personal injuries, in addition to having his car demolished.   He sued the company for damages, alleging in his complaint that the men in charge of the engine failed to give signals by bell or whistle, and that there was also negligence in failing to keep ringing an automatic bell on a post near the crossing.   Appellant in its answer denied the allegations of negligence, and pleaded contributory negligence on the part of appellee.   There was a trial of the issues before a jury, and the verdict was in appellee's favor, assessing damages in the sum of $500.

Appellee testified that he was a rural mail carrier on a route running out from Russellville, and that, early in the morning in question, he started to drive across the railroad track, first passing over the sidetrack

between box-cars on each side, and that, as he emerged from behind the box-cars, he saw the train coming, and attempted to put on the brakes, and, when he discovered that he could not stop the car, he turned to the right, in the direction the train was going, but the car moved onto the track and was struck by the engine. He testified that there was a space of between twenty and twenty-five feet between the ends of the two box-cars on each side of the track at the crossing, and that he could not see up and down the track until he passed from between these box-cars. He further testified that there was an obstruction up the track, so that the train could not be seen as he approached the crossing. He said he was driving from six to eight miles an hour, and also stated that the automatic bell on the post was not ringing, and that there were no signals given from the engine.

There was a conflict in the testimony as to whether or not signals were given, and the evidence was sufficient to warrant a finding either way on that issue. The engineer testified that he saw appellee and his car as he came from behind the box-cars, and that he threw on the emergency brake and attempted to stop, but it was too late. The engineer testified that the bell on the engine was being constantly rung.

The court, over appellant's objection, submitted the issue, not only as to negligence in failing to give the signals, but also in failing to keep a lookout. Appellant requested the court to give an instruction excluding from the consideration of the jury the question of failure to keep a lookout, and the court refused to give the instruction, which ruling of the court is assigned as error. We are of the opinion that the court erred in submitting the question of failure to keep a lookout. In the first place, there was no allegation in the complaint as to negligence in that regard; and, in the next place, the uncontradicted evidence shows that, if there was in fact a failure to keep a lookout, it was not the cause of the injury. It is undisputed that appellant drove

between the two ends of the box-cars on each side of the track, and that there were other cars on both sides which completely obstructed the view, so that appellee could not see the approaching train until he was about to cross the main track and that the operatives of the train could not see appellee's car in time to prevent injury. The only negligence in the case, if there was, in fact, any negligence, was the failure to give the signal so as to warn appellee and prevent his attempting to cross at that time. Appellee passed between the box-cars, according to his own statement, at a speed of six or eight miles an hour, and the distance was too short for him to stop his car without going on the track, hence he turned to the right and tried to escape in that way, but the car went onto the track and was struck by the engine.

The error of the court in submitting this issue necessarily calls for a reversal of the judgment, because we have no means of ascertaining what effect it had upon the jury. *St. L. I. M. & S. Ry. Co.* v. *Kimbrell*, 111 Ark. 134. There was a sharp conflict in the testimony as to the giving of the statutory signals, and the jury may have found that the signals were given. Besides that, there was a conflict as to whether or not appellee was guilty of contributory negligence and as to the comparative degree of his negligence with that of the trainmen in failing to give the signals. Therefore it was important that a correct instruction be given, and the jury may have been misled by this instruction which submitted the issue of failing to keep a lookout.

The court gave correct instructions submitting the question of appellee's own negligence in comparison with that of the trainmen. In one of those instructions the jury were told that it is the duty of a person approaching a railway crossing to "look and listen for the approach of a train, and, if the situation is such that ordinary care requires him to stop in order to effectively hear or see the train, to stop his car before going on the track." Appellant insists that the court erred

in refusing to give another instruction. on this subject, but we think that the instructions given were complete and fully covered the issues in the case. However, for the error in submitting the issue of failure to keep a lookout, the judgment will be reversed, and the cause remanded for a new trial. It is so ordered.

HART and HUMPHREYS, JJ., dissent.