# CHARLESTON.

THE CITY OF ELKINS v. WESTERN MARYLAND RAILWAY CO.

Submitted September 21, 1915.    Decided October 12, 1915.

RAILROADS—*Crossing—Duty of Traveler—Contributory Negligence—Question for Jury.*

> It is not negligence per se in all cases for travelers upon a public street or road, on approaching a railroad crossing, not to stop, as well as to look and listen before attempting to cross the track. Whether one has been negligent in failing to stop is generally presented as a mixed question of law and fact to be submitted to the jury, and not as one of law for the judgment of the court.

Error to Circuit Court, Randolph County.

Action by the city of Elkins against the Western Maryland Railway Company. Judgment for defendant, and plaintiff brings error.

*Reversed, and new trial awarded.*

*R. H. Allen* and *F. E. Tallman,* for plaintiff in error.

*E. A. Bowers,* for defendant in error.

MILLER, JUDGE:

The court below, on motion of defendant, struck out all of plaintiff's evidence, directed a verdict for defendant, and pronounced the judgment complained of, that plaintiff take nothing by its action.

The action was to recover the value of a horse, belonging to plaintiff, alleged to have been negligently run over and killed, at a public crossing, by one of defendant's engines in charge of its servants.

The horse, at the time it was injured, was in charge of, and being driven by two of plaintiff's servants, in hauling road material across the railway tracks of defendant, to one of the public streets of said city.

The evidence was sufficient and competent to go to the jury on the question whether any bell was rung or whistle blown by defendant's enginemen in approaching the crossing. And the evidence is uncontradicted that plaintiff's servants in approaching the crossing and from their position on the seat of the wagon, and driving the team in a walk, both looked and listened, but their view being obstructed by a long line of freight cars standing on the first of the four parallel tracks of defendant, they neither saw the approaching engine, nor heard any bell rung, or whistle blown, nor any noise of or steam escaping from the engine, until it came up on the second track from behind the freight cars on the first track just as the horses stepped upon the track upon which the engine was. Both servants say they did not stop; they only looked and listened. ·The sole question presented for our decision is whether under all the facts and circumstances attending them at the time plaintiff's servants were guilty per se, and as matter of law, of contributory negligence in not stopping before going upon the track, precluding recovery for the alleged negligence of defendant. The evidence proves conclusively that on the first of defendant's tracks, and in the direction from which the engine was approaching, there was a long string of freight cars, some, if not all, of them loaded with coal, and which completely obstructed the view of the plaintiff's servants of the other tracks in that direction and of all objects thereon; that there were also one or more cars

on the same track on the opposite side of the crossing, obstructing to that extent the view in that direction; that the space between the cars on the track was about twenty feet, giving ample room for teams to pass between the cars, but very little room to see objects on the tracks on either side of the crossing. The evidence furthermore shows a slight up grade in going up to the railroad tracks; that plaintiff's teamsters had crossed these tracks with their load, but a few moments before the accident, and were at the time on their way back with the empty wagon; that at least one of the horses was a spirited animal, needing watching when about railway trains and engines, that the tracks on both sides of the crossing, for some distance, except the first one, were clear of cars and engines, except as to the engine doing the injury, and that plaintiff's servants were familiar with the crossing, and of the dangers incident to crossing the same.

It is conceded by counsel for defendant, and as we think it must be, that it is not negligence per se, in all cases, for travelers upon public roads and streets, on approaching a railroad crossing, not to stop, as well as to look and listen for approaching trains before attempting to cross the track, as for example, where there is a long stretch of level track in both directions, and with nothing intervening to obstruct the view, for in such cases there would be nothing to gain by stopping.

But it is earnestly insisted that when the facts and conditions are not as assumed, but are like those disclosed in this case, and under our decisions, not to stop, as well as look and listen, is per se negligence precluding recovery for the alleged negligence of the railway company in failing to perform its statutory duties to ring the bell or blow the whistle. In such cases, it is argued, it must be assumed that the injury would not have occurred if the traveler had also stopped, as well as looked and listened.

The case mainly relied on to support the judgment is our case of *Beyel v. Newport News & M. V. R'd. Co.*, 34 W. Va. 538, regarded as the leading case on the subject, and frequently referred to as such and followed in subsequent decisions. While the opinion in that case, arguendo, does refer to and quote approvingly from numerous Pennsylvania cases, where

it seems a hard and fast rule has been established, requiring a traveler in all cases before crossing a railroad at grade to stop, look and listen, that case cannot, we think, be regarded as having committed us to the unalterable rule of practice in Pennsylvania. No such rule is announced in the syllabus of the case, and in our opinion it is contrary to sound reason, and to the great weight of authority on the subject.

True in cases of peculiar circumstances this duty to stop, when no two minds could differ as to the facts and the propriety and necessity therefor, should be imposed as matter of law, but such a rule can have no general application. In the Beyel Case, the proof was that the plaintiff neither stopped, looked or listened at any place in the public road where he could or should have heard the signals from the approaching engine, but drove heedlessly upon the track of the defendant. He was behind a hill running down almost to the railroad, cutting off his sight and to some extent his hearing, until he got within a short distance of the track, and when he knew the train which struck him was about due. In such a case his own evidence disclosing the facts, the court could properly say, as matter of law, that plaintiff was guilty of contributory negligence. But the syllabus of the case goes no further than to declare the general rule of reasonable care and caution in such cases. The rule invoked is distinctly known as the hard and fast rule of Pennsylvania, and as opposed to. the great weight of authority. 2 Thompson on Negligence, section 1646; 3 Rapalje & Mack's Dig. Railway Law, 561, paragraph 232. And in Pennsylvania, in the more recent case of *Ash* v. *W. & N. R. R. Co.,* 148 Pa. St. 133, this rigid rule seems to have been somewhat relaxed, for we find it stated in the syllabus, that: ''While the law does not prescribe that in all cases a man must stop, look and listen before crossing a private siding, it does require that he *shall exercise ordinary care.*''

As noted, exceptional cases, like our Beyel Case, may require a traveler to stop, in order to aid his hearing, but as a general rule this question presents itself as a mixed question of law and fact for submission to the jury. *Malott* v. *Hawkins,* 159 Ind. 127, citing Elliott on Railroads, section 1167, and decided cases. See, also, *Shepard* v. *Norfolk & S. R.*

*Co.*, (N. C.) 82 S. E. 872, 874, and authorities cited. As is said in 2 Thompson on Negligence, section 1647: "Most of the decisions which emphasize the duty of the traveller to stop, connect it with the duty of listening, since the object of stopping is to enable him the better to listen." Such was the Beyel Case. And such seems to have been the cases presented in *Seefeld* v. *Chicago, etc., Ry. Co.*, 70 Wis. 216, cited in the Beyel Case, and in *Brady* v. *Toledo, etc., R. Co.*, 81 Mich. 616. "But", says Mr. Thompson, "it is plain that there can be no absolute rule of law on the question of the duty of the traveller to stop and listen, which will be applicable to all cases." And further: "It will in many, perhaps in most cases, be a question of fact for the jury." '

Generally, the rule is that the vigilance of the traveler must be in proportion to the danger, and as the danger increases he must the more vigilantly employ his faculties and senses to avert injury. Beach on Contributory Negligence, (3rd ed.) 289, section 196. And where the track is obstructed by cars or otherwise, interfering with sight or hearing, extra caution should be observed, and resort to other means should be taken to avoid injury. 3 Rapalje & Mack's Dig. Railway Law, p. 612, paragraph 297, and cases cited; *Colorado & S. Ry. Co.* v. *Thomas*, (Colo.) 3 Am. & Eng. Anno. Cases, 700.

But do such other means, as matter of law, require a traveler, who has used his senses and has not seen or heard, to stop, get down off his wagon or other vehicle, and go forward upon the crossing, and look and listen there, before driving upon the track? In answer to this inquiry, 2 Thompson on Negligence, section 1646, says: "The suggestions of ordinary caution and prudence may require the traveller, under peculiar circumstances, to get out of his vehicle and approach the track and look up and down it in both directions before attempting to cross it. But plainly, there can be no rule of law establishing such a duty for all cases; but whether the circumstances are of that peculiar character which requires the traveller so to act, will be a question of fact for the jury." See, also, *Southern Ry. Co.* v. *Aldridge*, 101 Va. 142; *Judson* v. *Central Vermont R. R. Co.*, 158 N. Y. 597; *Continental Improvement Co.* v. *Stead*, 95 U. S. 161, 168; *Malott* v. *Hawkins, supra; Shepard* v. *Norfolk & S. R. Co.*,

*supra.* In *Improvement Co.* v. *Stead, supra,* it was sought to have the jury instructed that failure to take such extra precaution to avoid injury constituted contributory negligence precluding recovery, and it was said, that this was an attempt to state the rule in a more absolute and unqualified form than was admissible. The rule laid down by the court in that case was that the degree of diligence to be used on either side, by the railroad company on the one side, and by the traveler on the other, is such as a prudent man would exercise under the circumstances.

Applying the rules and principles of these authorities, can it properly be said that the plaintiff's teamsters, as a matter of law, were guilty of contributory negligence, precluding recovery? Contributory negligence is always a matter of defense, but if such negligence fully appears from the evidence of the plaintiff, the plaintiff will be regarded as having proven himself out of court, and the rule may be applied. But is such a case presented here? That the teamsters did not stop, but did look and ˮlisten, and that the view was obstructed by the cars standing on the track is fully proven; but it is also proven, or at least the jury would have had the right to conclude from the evidence, that defendant was wholly negligent in the performance of its statutory duties to blow the whistle or ring the bell. The authorities say that a traveler has the right to anticipate that these duties will be performed; and at a public crossing in a city, such as was involved in this case, it seems to us that that duty was more imperative than under different circumstances. These teamsters prove compliance with duty upon their part, to look and listen, and that their hearing could not have been materially impaired by the movement of their wagon over the cinder road. If no bell was rung or whistle blown, of course they could not have heard these signals, and the stopping of the wagon could have made no difference. There was no neglect of duty upon their part to hear signals not given. A very different case would be presented if it had been proven that the railway company had discharged its statutory duty. Can we properly say then as matter of law that these servants of the plaintiff failed to act as reasonable and prudent men should or would have acted under like circumstances? What

we might say as jurors is one thing, but as a court we cannot invade the province of the jury. We do not think the court was justified in holding in this case that plaintiff's servants were guilty per se of contributory negligence. This proposition we think well supported by high authority. 2 Wood on Railroads, 1522, citing in note at page 1527, *Dimick* v. *Chicago, etc., R. Co.,* 80 Ill. 338, and *Kelly* v. *St. Paul, etc., R. Co.,* 29 Minn. 1. See, also, *Judson* v. *Central Vermont R. R. Co., supra; Southern Ry. Co.* v. *Aldridge, supra; Southern Ry. Co.* v. *Bryant,* 95 Va. 212, 219. At page 219 of the last case cited, the Virginia court says, citing authorities: "Where the view of the track is obstructed, and the railroad company has failed to give notice of the approach of its train to a crossing upon the highway, and a person in attempting to go across the track, not being able to see the train on account of obstructions, and being obliged to act upon his judgment at the time of crossing, is injured, the propriety of his going upon the track under such circumstances is not a question of law to be decided by the court, but a matter of fact to be determined by the jury." We think this, as a general rule, correctly states the law.

For the foregoing reasons we are of opinion that the judgment below should be reversed and the plaintiff awarded a new trial.

*Reversed, and new trial awarded.*