Lacie Kidd, *Administratrix, etc.*

*v.*

Norfolk & Western Railway Company,
*a corporation, et al.*

(No. 13098)

Submitted September 12, 1972.  Decided December 5, 1972.

Dissenting Opinion December 5, 1972.

*Slaven, Staker & Smith, Zane Grey Staker, Ronald J. Rumora, John M. Richardson,* for appellants.

*Hogg & Persinger, Howard M. Persinger, Jr., Ersel L. Slater,* for appellee.

CAPLAN, JUDGE:

In an action instituted in the Circuit Court of Mingo County the plaintiff, Lacie Kidd, Administratrix of the personal estate of Ivan Branham, deceased, sought to recover from the defendants, Norfolk and Western Railway Company, a corporation, and Charles C. Cline, a railroad engineer employed by said railway company, damages for the wrongful death of her brother, Ivan Branham. Therein, the plaintiff alleged that her brother's death was caused by the negligence of the defendants. Upon trial by a jury a verdict in the sum of $7,500.00 was returned in favor of the plaintiff. A motion to set aside the verdict was overruled, judgment was entered on the verdict and the defendants prosecute this appeal.

The unfortunate incident which gave rise to this controversy occurred at Matewan, West Virginia on June 23, 1967, during daylight hours and in clear weather. As reflected by the evidence the plaintiff's decedent was struck and killed by a Norfolk and Western train consisting of an engine and two hundred twenty-five coal cars while it was travelling west on one of the company's mainline tracks.

Shortly before this accident occurred Ivan Branham was visiting in the home of Leroy and Ruby Tiller which

was located in Matewan on a hillside north of the railroad tracks. Branham, according to the testimony, had apparently been drinking an intoxicating beverage, as evidenced by Mrs. Tiller's request to her husband to "get him out". When Mr. Tiller asked Branham to leave the latter admitted that he had been drinking and expressed fear that the police would pick him up. Thereupon, Mr. Tiller told him that he would take him home. Branham said that he was going over to the liquor store and would meet him at the filling station. Branham then left the house and proceeded down the hill to the railroad tracks.

There are two mainline tracks which run parallel to each other upon which Norfolk and Western trains travel east or west. As they pass through Matewan they form a wide sweeping curve, one set of tracks being situate to the north of the other. Mr. Branham, intending to cross these tracks, noted that a train was passing in a westerly direction on the one to the south. He therefore stopped north of the tracks nearest the Tiller home and waited for the train to pass. It is not clear from the evidence how long he was standing there but while there he was struck and instantly killed by a train travelling in a westerly direction on the northernmost tracks.

Pertinent to the decision of this case is the place, with regard to the proximity of the tracks, at which Mr. Branham was standing when struck. The evidence on this matter was conflicting and, upon presentation to the jury, was resolved in favor of the plaintiff. On this appeal the defendants seek reversal of the judgment entered on the jury's verdict, their sole ground being that the deceased was guilty of contributory negligence as a matter of law, thereby precluding recovery by the plaintiff. The defendants assert that the undisputed testimony showed contributory negligence as a matter of law and that the trial court should have directed a verdict in their favor. Their ultimate position is that the fact that the deceased was struck and killed by a

train is sufficient to show that he was contributorily negligent as a matter of law.

It is the position of the plaintiff that the trial court properly submitted the questions of negligence and contributory negligence to the jury and that the evidence, upon which these questions were submitted, when viewed in the light most favorable to the plaintiff, clearly supports the jury verdict.

In order to resolve the question presented on this appeal, that being whether or not the court erred in failing to direct a verdict for the defendants on the ground of the deceased's contributory negligence, it is essential to consider all of the facts and certain legal principles enunciated by this Court and courts of other jurisdictions.

It has long been held by this Court that the questions of negligence and contributory negligence are for the jury when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them. *Sydenstricker v. Vannoy*, 151 W.Va. 177, 150 S.E.2d 905; *Dunning v. Barlow & Wisler, Inc.*, 148 W.Va. 206, 133 S.E.2d 784; *Evans v. Farmer*, 148 W.Va. 142, 133 S.E.2d 710; *Campbell v. Campbell*, 146 W.Va. 1002, 124 S.E.2d 345; *Lewis v. Mosorjak and McDonald*, 143 W.Va. 648, 104 S.E.2d 294. It has been held by many decisions of this Court that it is the peculiar and exclusive province of the jury to weigh the evidence and resolve questions of fact when the testimony regarding such facts is conflicting and that the finding of the jury will not ordinarily be disturbed on appeal to this Court. *Sydenstricker v. Vannoy*, 151 W.Va. 177, 150 S.E.2d 905; *Graham v. Crist*, 146 W.Va. 156, 118 S.E.2d 640; *Overton v. Fields*, 145 W.Va. 797, 117 S.E.2d 598; *Gilkerson v. Baltimore & Ohio Railroad Co.*, 129 W.Va. 649, 41 S.E.2d 188; *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410.

The material facts of this case, some of which are undisputed and some of which are conflicting, are of

such nature that reasonable men may draw different conclusions from them.

The defendants assert that the undisputed evidence discloses that the deceased, while in a state of intoxication and while standing twelve to eighteen inches from the northernmost track, was struck and killed by its train. That the deceased was struck and killed by the defendants' train is truly undisputed. That the latter fact necessarily constituted contributory negligence as a matter of law is without merit.

Let us first consider the assertion of intoxication, keeping in mind that Branham is not being charged with drunkenness. The apparent contention of the defendants is that Branham was in such a state of intoxication that he was unable to look out for his own safety, thereby proving that he was contributorily negligent. Mrs. Tiller testified that she smelled alcohol on Mr. Branham's breath so she knew he was drinking. As a defense witness she testified that she didn't know if he was drunk; that he was not unsteady on his feet and "didn't seem to be too drunk"; that she could understand him; and that he didn't stagger "too much". Mr. Tiller testified that Branham had been drinking but he "wasn't drunk". Another witness testified that she saw Branham just before he was struck and that he did not appear to be intoxicated.

The evidence as to whether Branham was so intoxicated that he voluntarily placed himself in a position of danger was in conflict. While he doubtless had been drinking, not one witness testified that he was drunk or even that he was unsteady on his feet. In this state of the evidence a jury question was presented as to whether the deceased was intoxicated at the time of his death. It is clear from the jury's verdict that it did not believe that Branham was in such a state of intoxication that he was unable to care for his own safety.

The other premise of the defendants is that Branham was standing too close to the railroad tracks, an undisputed fact which proves contributory negligence.

The fact that he was struck and killed by a train is insufficient to prove contributory negligence. See *Arrowood v. Norfolk & Western Railway Company,* 127 W.Va. 310, 32 S.E.2d 634; *Casdorph v. Hines,* 89 W.Va. 448, 109 S.E. 774; *Canterbury v. The Director General of Railroads,* 87 W.Va. 233, 104 S.E. 597; and *Melton v. Chesapeake & Ohio Railway Co.,* 71 W.Va. 701, 78 S.E. 369. While these cases are not precisely in point factually, the principles of law enunciated therein are most persuasive in demonstrating that a mere showing that one was struck by a train on or near a railroad track is in itself insufficient to prove contributory negligence as a matter of law. All of the surrounding circumstances must be considered and where the material facts are undisputed and only one inference may be drawn from them by reasonable minds, then and only then are the questions of negligence and contributory negligence questions of law for the court. *Krodel v. Baltimore & Ohio Railroad Company,* 99 W.Va. 374, 128 S.E. 824; *Daugherty v. Baltimore and Ohio Railroad Co.,* 135 W.Va. 688, 64 S.E.2d 231.

In the instant case many of the material facts are in dispute. As herein noted the evidence relating to the deceased's alleged state of intoxication is in conflict. The testimony concerning the speed of the train as it travelled through Matewan is conflicting. The defendant, Charles C. Cline, the engineer on the train, testified in an uncertain manner as to the speed of the train as it came into the curve at Matewan. He testified that he thought the speed was from 35 to 40 miles per hour, but, although there was a recorder of speed on the train, no tape showing such speed was produced. Other witnesses testified that the train was going "pretty fast". The defendants could have resolved the question of the speed of the train by introducing into evidence the tape. They did not, thereby leaving it to the jury to consider the speed from the evidence.

There was much conflicting testimony in relation to whether the whistle was blown or the bell sounded. It is

deemed unnecessary to detail the evidence in relation to this matter. Suffice to say that the engineer's testimony alone was in conflict with earlier interrogatories. It is clear, however, that when the whistle and bell were sounded the train was dangerously near the deceased. One witness who observed the fatal accident testified that he heard the train whistle and that it was a "pretty short time" between the time the whistle blew and the deceased was struck. He related that "It was two seconds maybe, one or two. Not enough time to get out of the way hardly." Most of this evidence is in dispute and that which is undisputed is such, in view of all of the surrounding circumstances, that more than one inference can be drawn from them by reasonable minds. In this posture, considering the principles stated in the above cited cases, the question of negligence becomes one for jury determination.

Most pertinent to the determination of the question of contributory negligence is the position of the deceased in relation to the railroad tracks. It is important to note that Branham was not standing on the tracks but rather near the tracks. This was the consensus of all the witnesses, including Mr. Billiter, the brakeman on the subject train. As herein noted, the mere fact that the deceased was struck near the tracks is not enough to prove that he was guilty of contributory negligence as a matter of law.

Contributory negligence as a bar to recovery by a plaintiff is an affirmative defense and the burden of proving such negligence rests upon the defendant. This was succinctly stated by this Court in *Leftwich v. Wesco Corporation*, 146 W.Va. 196, 119 S.E.2d 401. Point 6 of the Syllabus reads as follows: "Contributory negligence on the part of the plaintiff is an affirmative defense. There is a presumption of ordinary care in favor of the plaintiff, and where the defendant relies upon contributory negligence, the burden of proof rests upon the defendant to show such negligence unless it is disclosed by the plaintiff's evidence or may be fairly inferred by all of the

evidence and circumstances surrounding the case." See *Yates v. Mancari*, 153 W.Va. 350, 168 S.E.2d 746; *Jackson v. Cockill*, 149 W.Va. 78, 138 S.E.2d 710; *State ex rel. Myles v. American Surety Company*, 99 W.Va. 123, 127 S.E. 919; *Mullens v. Virginian Railway Co.*, 94 W.Va. 601, 119 S.E. 852.

In the instant case the proximity of the deceased to the railroad tracks when he was struck became a question much in dispute. Phillip Wayne Saunders, a witness called by the plaintiff, testified that he saw the accident from a window in a nearby building. He stated that the deceased's foot was on the "wooden embankment", not on the rail. Exactly what the "wooden embankment" means is vague, at best. There is evidence that there had been an old passenger station at about that point. He later said "I guess you would call it, the ties". Billie Jean Hensley also testified that Mr. Branham was standing near but certainly not on the tracks. Plaintiff's Exhibits Nos. 2 and 3 are photographs which show Miss Hensley standing where she believed Ivan Branham was standing when hit by the train. From those exhibits it is difficult to determine just how far from the tracks she was standing.

Doubtless the deceased was standing close to the tracks and, as events proved, too close. However, it was nonetheless the burden of the defendants to prove that Branham, considering all of the surrounding circumstances, acted in such a careless manner that his act concurring with the negligence of the defendants proximately caused the death complained of. It is undisputed that Branham was struck by an extension of the engine known as a "grab iron". This was related by defendant Cline and was obvious from the injuries apparent on the body of the deceased. Mr. Cline testified that he did not know how far from the engine the "grab iron" extended and therefore could not say how far from the rail one must stand to be in a position of safety; nor could he say where the deceased was standing at that fatal moment. The defendants failed to prove how far from the tracks one must stand to insure his safety. Even

an experienced railroad engineer could not supply this proof. It is not unreasonable then for the deceased to have believed that he was in a position of safety. The burden of proof of contributory negligence is on the defendants and unless they can prove such negligence by undisputed facts from which only one inference can be drawn by reasonable minds, the determination of that question is for the jury.

Other factual matters as revealed by the evidence must be considered in determining whether the deceased was so careless that his acts or omission to act constituted contributory negligence. There is evidence showing that Ivan Branham was standing next to the tracks facing in a westerly direction. In view of witness Jesse Smith's testimony that it was most unusual for trains on both tracks to be travelling in the same direction, it is not at all unreasonable to believe that Mr. Branham, with due regard for his own safety, was looking out for a train on the northern tracks which, if one came, would expectantly be travelling east. In addition, it is well established in the law that the plaintiff's decedent was under no obligation to anticipate the defendants' negligence and had a right to assume that the defendants would sound the lawful signals. *Krodel v. Baltimore & Ohio Railroad Co.,* 99 W.Va. 374, 128 S.E. 824; *Canterbury v. The Director General of Railroads,* 87 W.Va. 233, 104 S.E. 597; *The City of Elkins v. Western Maryland Railway Co.,* 76 W.Va. 733, 86 S.E. 762; *Carnefix v. Kanawha & Michigan Railroad Co.,* 73 W.Va. 534, 82 S.E. 219. Whether or not the defendants' train was travelling at an excessive speed and whether or not the train's whistle or bell was sounded are matters for jury determination.

In the circumstances of this case, the evidence being in dispute, and in view of the authorities heretofore cited, the question of contributory negligence on the part of the plaintiff's decedent is a question which, under appropriate instructions, was properly presented for jury determination.

As reflected by the decisions in the cases hereinafter cited, a jury verdict based upon conflicting testimony involving credibility of witnesses and approved by the trial court will not be set aside by a reviewing court on the ground that it is contrary to the evidence unless in that respect it is clearly wrong. *Shaeffer v. Burton,* 151 W.Va. 761, 155 S.E.2d 884; *Miners' and Merchants' Bank v. Gidley,* 150 W.Va. 229, 144 S.E.2d 711; *Poe v. Pittman,* 150 W.Va. 179, 144 S.E.2d 671; *Levine v. Headlee,* 148 W.Va. 323, 134 S.E.2d 892; *Phenix Fire Insurance Co. v. Virginia-Western Power Co.,* 81 W.Va. 298, 94 S.E. 372.

For the reasons stated herein the judgment of the Circuit Court of Mingo County is affirmed.

*Judgment affirmed.*

BERRY, JUDGE, dissenting:

I dissent from the majority opinion in this case for the reason that I am of the opinion that the plaintiff's decedent was clearly guilty of contributory negligence as a matter of law. The deceased placed himself in a position so close to the defendant's railroad track that he was hit and killed by a passing train. It would make no difference whether he was intoxicated or sober at the time, under the circumstances of this case.

It is crystal clear that when a person stands so near to a railroad track and is hit by a train that person did not use due care for his own safety. The proximate cause of the injury or death would be the fact that he placed himself, without due regard for his own safety, in a place of peril. The deceased did not do what an ordinary prudent person would do, *i.e.,* look up and down the railroad track to ascertain if a train were approaching from either direction before he placed himself in a position that he could be struck by a passing train.

It is indeed a weak argument that the plaintiff's decedent didn't look in the direction of the approaching train because the trains usually ran in the same direction on both tracks where the accident occurred. There was

no duty on the defendant railroad company to run all its trains in one direction, but there was a duty on the part of the plaintiff's decedent to look in both directions.

The controlling fact in the case at bar is that the plaintiff's decedent placed himself in a position where he was hit and killed by a passing train and this fact is not disputed. It would make no difference whether he was on the railroad tracks or too close to them. The result is the same in both cases and only one conclusion can be drawn from such fact. When this situation exists the question of contributory negligence is a matter of law to be decided by the court and not the jury. *Krodel v. Baltimore and Ohio Railroad Company,* 99 W.Va. 374, 128 S.E. 824.

It was held in the case of *Lester v. Norfolk and Western Railway Co.,* 111 W.Va. 605, 163 S.E. 434 that a person must exercise reasonable care for his own safety at a railroad crossing and where the facts make it clear that a person could have seen an approaching train in time to avoid being hit by the train if he had looked properly, he will not be heard to say that he looked but did not see the train.

It was held in the case of *Robertson v. Monongahela Power & Railway Co.,* 99 W.Va. 356, 128 S.E. 829, that a person has the duty to look and listen in both directions at a railroad crossing, and, also, that it is the duty of a traveler to exercise care to select a position from which an effective observation can be made to ascertain if there is a train approaching on the railroad track.

The case of *Arrowood v. Norfolk & Western Railway Co.,* 127 W.Va. 310, 32 S.E.2d 634, relied on by the appellees is not applicable to the facts in the case at bar. The driver of the automobile in that case stopped before crossing the track and started across the tracks after he looked but did not see a train approaching while at the same time no warning of the train's approach was given which resulted in the automobile being struck by the train while on the tracks. Also, in that case, the undisputed evidence allowed two conclusions to be drawn, one that the deceased person

was guilty of contributory negligence, and the other that he exercised due care in attempting to cross the railway tracks. The same situation is not present in the case at bar because it is clear from the undisputed evidence that the plaintiff's decedent did not exercise due care when he placed himself in a position where he could be struck by a passing train and remained there without even looking in the direction from which the train was approaching.

For the reasons stated in this dissenting opinion, I would reverse the judgment of the Circuit Court of Mingo County, set aside the verdict of the jury and grant the defendant a new trial.