ASHLAND OIL, INC., *etc*

*v.*

FORREST REX DONAHUE

(No. 14086)

Decided April 4, 1980.

*Norman K. Fenstermaker, Jenkins, Fenstermaker, Krieger, Kayes & Farrell,* for appellant.

*Menis E. Ketchum, Greene, Ketchum & Mills,* for appellee.

PER CURIAM:

Ashland Oil, Inc., the appellant in this proceeding, contends that the Circuit Court of Cabell County erred in failing to direct a verdict in its favor and also erred in failing to set aside a jury verdict for the appellant, Forrest Rex Donahue, in this unlawful detainer action. We disagree, and affirm the trial court's judgment.

Ashland brought an action for unlawful detainer under *W.Va. Code,* 55-3-1 *et seq.* to recover possession of premises leased by Ashland to Donahue for the operation of a gasoline service station located on Route 60,

Ona, Cabell County, West Virginia. The record reveals that Ashland and Donahue entered into a lease agreement on October 28, 1968; one of the lease provisions allowed either party to terminate the lease upon ten days written notice to the other. Ashland originally filed this unlawful detainer suit alleging that Donahue had been given the prescribed ten-day notice, but had failed to vacate the premises. The circuit court granted Ashland's motion for summary judgment and entered an order removing Donahue from the station, and granting Ashland immediate possession of the premises. The case was then certified to this Court to determine the validity of certain defenses alleged by Donahue. In *Ashland Oil, Inc. v. Donahue,* _____ W.Va. _____, 223 S.E.2d 433 (1976), the ten-day cancellation provision was held unconscionable; on remand, the issue at trial was whether Ashland had good cause for terminating the lease, and the evidence went to four alleged violations: (1) Donahue did not exercise due diligence and use his best skill and ability to operate the station, in violation of Paragraph IV of the lease agreement; (2) He failed to keep the station open at all reasonable hours, also in violation of Paragraph IV; (3) He failed to take good care of the premises, in violation of Paragraph V; and (4) He sublet the premises without written permission from Ashland Oil, in violation of Paragraph IX.

During the trial of the case, Ashland introduced evidence showing that Donahue had allowed the premises to deteriorate, that he permitted his brothers to park a large trailer on the property so that they could conduct business unrelated to the gasoline business, that he had allowed the storage of corn in the service bay areas of the leased station, that he had failed to keep the station open for reasonable hours, and that his gasoline sales had declined precipitously. Donahue testified that the leased premises had deteriorated substantially before he entered into possession, and he attributed the further deterioration to factors other than lack of care on his part. He stated that Ashland on several occasions, had

forced him to take rabbits, watermelons, and Bibles as promotional items. At Ashland's direction he had stored the melons in the service bay areas of the station. He also stated that one of Ashland's representatives had given him verbal permission to leave his brothers' trailer on the property. He denied that his declining gas sales were due to the conduct of unauthorized business on the premises, but attributed the decline to the failure of Ashland to supply him with high test gasoline, a major component of his sales.

At the conclusion of the presentation of evidence, Ashland moved for a directed verdict. The trial court denied the motion and permitted the case to go to the jury. After deliberation, the jury returned a verdict in favor of Donahue.

In this appeal Ashland contends that the trial court erred in failing to direct a verdict against Donahue because it was clear at trial, as a matter of law, that Donahue committed each of the alleged violations of the lease. In addition, Ashland argues that the jury verdict and subsequent judgment thereon are contrary to the law and evidence in the case.

Syllabus Point 2 of *Kidd v. Norfolk & Western Ry. Co.*, 156 W.Va. 296, 192 S.E.2d 890 (1972), quoting from the syllabus of *Evans v. Farmer*, 148 W.Va. 142, 133 S.E.2d 710 (1963) states:

> "It is the peculiar and exclusive province of the jury to weigh the evidence and resolve questions of fact when the testimony of witnesses is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them."

The rule in West Virginia is that where a motion for directed verdict is made, all reasonable doubts and inferences should be resolved in favor of the party against whom the verdict is asked to be directed. *Young v. Ross*, ____ W.Va. ____, 202 S.E.2d 622 (1974); *Wager v. Sine*, ____ W.Va. ____, 201 S.E.2d 260 (1973).

Much of the evidence in the case before us was conflicting. Ashland attributed the deterioration of the leased premises to Donahue; Donahue denied that the deterioration was attributable to his lack of proper care. Ashland contended that the parking of the trailer and the conduct of the brothers' business was wholly unauthorized; Donahue testified that the trailer had been parked and subsequent permission received from Ashland. Donahue attributed the decline in gas sales to Ashland's failure to supply the station with high test gasoline; however, Ashland said Donahue was not running the station in a diligent manner.

It is clear that the evidence was in conflict and subject to varying interpretations. Under our holding in *Kidd, supra*, the questions involved were properly ones for the jury. Under our holdings in *Young* and *Wager, supra*, the trial court properly denied Ashland's motion for a directed verdict and permitted the case to go to the jury.

A jury verdict will not be set aside on appeal as being contrary to the evidence unless in that respect, it is clearly wrong. *Cox v. Galigher Motor Sales Co.*, ____ W.Va. ____, 213 S.E.2d 475 (1975). As noted above, the evidence in this case was in dispute and subject to different interpretations. There was sufficient evidence to show that Donahue's actions were within the terms of his agreement with Ashland. In view of that evidence, we cannot conclude that the jury verdict was clearly wrong.

Lastly, Donahue has filed a cross-assignment of error in this Court under Rule XI contending that if we sustain the verdict of the jury, then we should permit a trial on his counterclaim limited only to the issue of the damages which he incurred as a result of his being wrongfully dispossessed from the premises by Ashland. However, the case is not in a posture to do this since the record shows that this claim was not a part of his original counterclaim. It is true that on the day of trial Donahue attempted to amend his counterclaim to in-

clude this cause of action but the court declined to permit the amendment. It appears that the amendment was for a cause of action for unlawful dispossession which arose after the original case was filed and occurred when the trial court ordered Donahue to vacate the premises. This order to vacate was set aside by this Court in the early appeal of *Ashland Oil, Inc. v Donahue, supra.* Because this counterclaim was not permitted by the trial court we cannot determine the merits of it in this case and therefore deny the cross-assignment of error. We were informed in oral argument that it is the subject of a separate pending suit between the parties so that its merits can be properly decided in that action.

For the reasons stated above, we conclude that the trial court was correct in denying Ashland Oil's motion for directed verdict and in refusing to set aside the jury verdict in favor of Donahue. The judgment is affirmed.

*Affirmed.*