JIMCO SUPPLY COMPANY, INC.

*v.*

ROBERT E. NEAL, *d/b/a* CONSOLIDATED ENERGY COMPANY

*v.*

RUSSELL COLEMAN, BEN C. KEITH, *and* JOHN McCOY, *etc.*

(No. 14909)

Decided May 5, 1981.

*Pauley, Curry & Thaxton, Arden J. Curry, II & James M. Sturgeon, Jr.,* for appellant.

*Veneri & Burkett, Randall L. Veneri & Billy E. Burkett,* for appellees Neal and Keith.

PER CURIAM:

This is an appeal by Jimco Supply Company (hereinafter referred to as Jimco) from a final order of the Circuit Court of Mercer County entered on October 30, 1979, wherein the court granted a directed verdict for the defendant in a civil action instituted by Jimco. Jimco alleges that the circuit court erred in doing so. We agree.

On November 23, 1977, Jimco Supply Company brought suit in the Circuit Court of Mercer County against Robert E. Neal, d/b/a Consolidated Energy Company. The action was based on an account due in the amount of $21,272.39 for the rental of mining equipment by Jimco to the defendant.

Mr. Neal filed an answer in the form of a general denial. He also filed a third-party complaint against Russell Coleman, Ben Keith and John McCoy averring that the plaintiff (Jimco) filed a complaint against him, and that "at the time the alledged (sic) account was made, the defendant and third party plaintiff was in partnership with the third party defendants." He also averred that "[i]n said Complaint, plaintiff alledges (sic), interalia, that the defendant owes unto it the sum of $21,272.39; that the defendant and third party plaintiff alledges (sic) that if he be compelled to pay said sum of money to the plaintiff herein ... that he has and hereby asserts a right of indemnity over and against the third party defendants for any recovery that might be had by the plaintiff against the defendant and third party plaintiff ... in that the said defendant and third party plaintiff was in partnership with said third party defendants at said time." Jimco subsequently filed a complaint against the third-party defendants, the basis of which was the same account upon which the action against Robert Neal was instituted.

Trial before a judge without a jury was held on February 28, 1979. Jimco called three witnesses in support of its case. Steve Tibbs, a sales representative for Jimco, testified that he rented the mining equipment in question to Consolidated Energy Company. He discussed the needs of the company with Mr. Coleman, Mr. McCoy and Mr. Neal and when he filled out the credit information sheet, Mr. Neal listed himself as president and Mr. Coleman as vice-president. On cross-examination, the witness was shown three exhibits [a general ledger, order form, and lease agreement] which were records of Jimco Supply Company pertaining to an account with Consolidated Energy Company.

The plaintiff's second witness was James Shafer, president of Jimco. Mr. Shafer testified about the

company's bookkeeping procedures and numerous invoices and statements were admitted into evidence showing amounts due by Consolidated Energy Company for the rental of particular equipment. Mr. Shafer also testified that he personally dealt with Mr. Neal, Mr. McCoy and Mr. Coleman and that although monthly statements were sent to Consolidated Energy Company, only one payment was made on the account. That was a check signed by Mr. Keith in the amount of $200.00. In addition, the witness testified that at one point he made arrangements to meet with Mr. Neal concerning Consolidated Energy Company's unpaid bill. When they met, Mr. Neal indicated that the bill would be paid as soon as his mining work was finished and the money was available.

Jimco's final witness was defendant and third-party plaintiff, Robert E. Neal, Mr. Neal admitted that in 1976 he was doing business as Consolidated Energy Company and then testified that Consolidated Energy Company was a corporation. He did not recall the date the corporation was chartered, but did say that he and the third-party defendants were the stockholders of the corporation. Mr. Neal also testified that it was Russell Coleman who made the arrangements with Jimco Supply Company's representative for the rental of the construction equipment to Consolidated. When asked what his position was with the company, Mr. Neal testified, "Well I just more or less in the corporation to help them out and try to mine some coal and make some money like a lot of other people do."

At the conclusion of this testimony Jimco's counsel offered to submit information at the court's discretion showing that Consolidated Energy Company was not a corporation. Defendant Neal then moved for a directed verdict on the bases that: (1) the plaintiff failed to show that Robert Neal as an individual bought anything from Jimco Supply Company; (2) there was no evidence that Robert Neal or Consolidated Energy Company owed Jimco Supply Company any specific amount of money; and (3) there was never a demand for the court to grant judgment in a dollar amount. The court took the motion under advisement.

Prior to the court's decision, Jimco filed several written post-trial motions, including a motion to reopen the proceedings and a motion to strike the testimony of Mr. Neal, particularly his statement that Consolidated Energy Company was a corporation. In connection with the motion to reopen which claimed unfair surprise at the defendant's testimony, Jimco filed an affidavit from the Office of the Secretary of State of West Virginia stating that there had never been a corporation known as Consolidated Energy Company chartered or authorized to do business in the State of West Virginia.

By letter opinion on March 6, 1979, the court granted Neal's motion for a directed verdict concluding that Jimco had failed to prove the status of Consolidated Energy Company in relation to the account in question. The court did not rule upon Jimco's motions. Jimco filed a motion to reconsider on the basis that the court's decision failed to take into account the judicial admissions of the defendant Neal in his third-party complaint wherein he admitted he was in partnership with the third-party defendants. On October 30, 1979, the court entered an order denying all of the plaintiff's post-trial motions and concluding as a matter of law that Jimco was not entitled to recover against the defendant, Robert Neal.

The court found as fact that it appeared from the evidence that Jimco Supply Company was selling and billing to Consolidated Energy Company with the understanding that Robert Neal was the president of Consolidated; that the evidence did not clearly show the corporate status of the company; and that although it appeared from Mr. Neal's testimony that there was a corporation in existence at the time, the true corporate name of the company doing business with Jimco was not clear. In its final finding of fact the court said:

> "It was the plaintiff's burden of proof, by a preponderence of the evidence, to show exactly the corporate or partnership status of the defendants, and the plaintiff failed wholly in convincing the Court, by a preponderance of the evidence, who was

truly indebted to Jimco Supply Company, Inc., if anyone."

It is from this final order granting defendant's motion for a directed verdict that Jimco Supply Company now appeals.

The principal issue in this case is whether the trial court erred in directing a verdict for the defendants at the conclusion of the plaintiff's evidence. The general rule in this State is that, "Upon a motion for a directed verdict, all reasonable doubts and inferences should be resolved in favor of the party against whom the verdict is asked to be directed." Syl pt. 5, *Wager v. Sine*, 157 W.Va. 391, 201 S.E.2d 260 (1973).

Applying this standard to the facts of the case before us for the purpose of considering whether the court correctly directed a verdict for the defendants, it is clear that although Mr. Neal testified that Consolidated Energy Company was a corporation, contrary to the third-party complaint he filed, he did not know when the company became a corporation but only that he, Mr. Coleman, Mr. Keith and Mr. McCoy paid an attorney in Logan, West Virginia to incorporate the company for them. In addition, the defendant testified that he did not hold any office in the corporation, so we may reasonably infer that he had no first-hand knowledge of the Status of the company.

This testimony, combined with the facts that the defendant never denied that his company rented mining equipment from Jimco, and that he filed a third-party complaint specifically admitting that he and the third-party defendants were in partnership together, taken in the light most favorable to the plaintiff, leads us to conclude that there was a reasonable doubt as to whether Consolidated Energy Company was a corporation. Under *Waver v. Sine, supra,* that doubt should have been resolved in Jimco's favor.

We also conclude that the court should have granted Jimco's motion to reopen its case to permit the introduction of evidence that Consolidated was not in fact a corporation. "A motion to reopen a case to permit the introduction of further evidence is addressed to the sound discretion of the

trial court and the exercise of such discretion is not subject to review by an appellate court unless there has been an abuse thereof." Syl. pt. 4, *Adams v. Sparacio*, 156 W.Va. 678, 196 S.E.2d 647 (1973). However, the discretion of the court should be liberally exercised and the motion should be granted when the moving party shows good cause for reopening, *Adams, supra.*

It is evident to us that such good cause existed in this case. The fact that defendant admitted in his third-party complaint that he was in partnership with the other three defendants and then testified otherwise to the surprise of the plaintiff, convinces us that Jimco should have been given an opportunity to refute this surprise evidence. This is particularly true since this case was tried by a judge without a jury, and it would have been no inconvenience for the court to have allowed such further evidence on this crucial issue. Because the defendant raised his corporate defense for the first time during the trial, and becaue he expressly admitted in the pleadings that he was involved in a partnership, and made no mention of a corporation, we find the court abused its discretion in denying Jimco's motion to reopen its case for further evidence going to the corporate status of Consolidated Energy Company.

For the reasons stated in this opinion, the judgment of the Circuit Court of Mercer County is reversed and the directed verdict is set aside.

*Judgment reversed;*
*verdict set aside.*