354 S.E.2d 413

**Edgile COVEY**

v.

**Delmar FIELDS.**

No. 17106.

Supreme Court of Appeals of West Virginia.

Feb. 25, 1987.

J. Fred Queen, Elkins, for appellant.

Robert G. Durnal, Junior, for appellee.

NEELY, Justice:

The appellant, Mr. Edgile Covey, resides on Faulkner Road in Randolph County. The appellee, Mr. Delmar Fields, lives directly across Faulkner Road from Mr. Covey. On the evening of 16 July 1983, Mr. Fields hosted a party at his house. Mr. Fields and his merry band that evening performed devout ministrations to Dionysus, and eventually these bacchanalia began to exceed the bounds of good taste.

By and by the conversation turned to the subject of Mr. Covey, whom the company appears to have held in low esteem. An extraordinary degree of anti-Covey sentiment was whipped up, which precipitated the hurling of rocks and eggs at Mr. Covey's home and epithets at his character. Mr. Theodore Ogden, feeling the spirit of the assembly, positioned his jeep on Mr.

Field's lawn such that he could shine his vehicle's lights directly into the front windows of Mr. Covey's house. In response, Mr. Covey fired his shotgun across the road and into Mr. Ogden's jeep in such a manner as to extinguish its lights. Although no one was injured, Mr. Covey's act did constitute a violation of *W. Va. Code*, 20–2–58 [1969].

Shortly after Mr. Covey had discharged his firearm, the police arrived. Mr. Ogden swore out warrants against Mr. Covey for shooting across a public roadway and for destruction of property. Mr. Covey was arrested and was released after posting bond. Mr. Ogden later voluntarily dismissed the charges against Mr. Covey.

Mr. Covey subsequently brought this civil action against Mr. Fields for false arrest and wrongful prosecution. At the conclusion of the plaintiff's case, the defendant moved for a directed verdict. The trial court concluded that: Mr. Covey had in fact fired his shotgun across Faulkner Road in violation of *W. Va. Code* 20–2–58 [1969]; the actions of Mr. Fields did not constitute a justification for Mr. Covey's violation of the statute; Mr. Ogden, and not Mr. Fields, had sworn out the warrants against Mr. Covey; and Mr. Covey had failed to show that Mr. Fields had in any way induced Mr. Ogden to swear out the warrants. Accordingly, the trial judge granted the defendant's motion for a directed verdict.

■ Upon reviewing the record and the applicable law, we concur in the trial court's judgment that Mr. Covey failed to make out a *prima facie* case of false arrest or wrongful prosecution against Mr. Fields. Accordingly, we affirm the circuit court's judgment in that regard.

■ However, due largely to infelicitous presentation by counsel for Mr. Covey, the trial court appears to have overlooked a more viable claim contained in Mr. Covey's complaint. Mr. Covey alleged in his complaint that Mr. Fields had "accosted, assaulted, threatened and insulted" Mr. Covey, thereby causing him "great emotional and physical stress, public humiliation and embarrassment." The complaint further alleged that Mr. Fields "liabled [sic]" Mr.

Covey. Moreover, in his responses to Mr. Fields' first set of interrogatories, Mr. Covey maintained that Mr. Fields "used profanity and insulting words toward my wife and myself." These allegations appear to state a cause of action under our "insulting words" statute, *W. Va. Code* 55–7–2 [1923], which provides in part:

All words which, from their usual construction and common acceptation, are construed as insults and tend to violence and breach of the peace, shall be actionable.

■ The evidence adduced at trial tends to indicate that Mr. Covey made out a *prima facie* case under *W. Va. Code* 55–7–2 [1923]. Testimony was given to the effect that Mr. Fields had accused Mr. Covey of having "a yellow streak" up his back "a foot wide", and that Mr. Fields threatened to either pound or grind Mr. Covey's head into the sidewalk upon their next meeting in Elkins. Mr. Fields accused Mr. Covey of participating in homosexual and Oedipal dalliances, and attributed to him a canine lineage. Mr. Fields also impugned Mrs. Covey's chastity and virtue in a gross manner.

The remarks allegedly made by Mr. Fields could reasonably be construed as insults that tend to violence and breach of the peace. *See Mauck v. City of Martinsburg*, 167 W.Va. 332, 280 S.E.2d 216, 219, esp. at n. 3, 220 (1981). The trial judge appears to have based his decision to direct a verdict in part upon Mr. Covey's failure to put on proof of damages. No such proof was necessary. As we held in *Mauck, supra*,

Since insults of a vituperative nature were actionable at common law only when special damages were alleged, this statute [*W. Va. Code* 55–7–2 [1923]] must have been intended to make these insults actionable even without such special proof. The statute in effect extended the common law concept of defamation *per se* to insulting words such as the vituperative epithet or racial slur.

167 W.Va. at 335–36, 280 S.E.2d at 219.

■ At Syllabus Pt. 5 of *Wager v. Sine*, 157 W.Va. 391, 201 S.E.2d 260 (1973), we stated:

Upon a motion for a directed verdict, all reasonable doubts and inferences should be resolved in favor of the party against whom the verdict is asked to be directed.

On these facts, we are of the opinion that the trial court erred in directing a verdict against Mr. Covey on the insulting words count set forth in his complaint. That portion of the judgment of the circuit court is therefore reversed, and the case is remanded for a new trial on that issue.

Affirmed in part, reversed in part, and remanded.