394 S.E.2d 768

Lawrence L. BOYCE

v.

Ruby M. LOPEZ, Kathy Harr and Deborah K. Boyce.

No. 19415.

Supreme Court of Appeals of West Virginia.

June 25, 1990.

LaVerne Sweeney, Grafton, for Lawrence L. Boyce, Jr.

Howard Ferris, Grafton, for Ruby M. Lopez.

John L. Bord, Grafton, for Deborah K. Boyce.

PER CURIAM:

The principal issue in this appeal is whether the trial court erred in directing a verdict in favor of the appellant, Lawrence L. Boyce, Jr., in the amount of $8,800, and in directing a verdict on behalf of the appellees, Ruby M. Lopez, Kathy Harr and Deborah K. Boyce (now Riggs), on all other issues. Upon review of the record before us, we conclude that the evidence showed a proper case for jury determination, and accordingly, we reverse the judgment of the trial court.[1]

Lawrence L. Boyce, Sr., died testate on October 24, 1985. In his Last Will and Testament, Mr. Boyce divided his estate equally between his son, the appellant, and his companion, Ruby Lopez. The appellant and Ms. Lopez entered into an agreement on November 15, 1985, with respect to the division of a portion of the estate.[2] The parties, however, disputed the ownership and existence of certain items of personal property allegedly belonging to the decedent.

The appellant filed a complaint seeking a judgment against the appellees for one-half of the fair market value of certain personal property from the estate. A trial was conducted in the presence of a jury, however, the trial judge directed a verdict at the conclusion of the evidence which is the subject of this appeal.

It is difficult to summarize the evidence in this case because of the numerous items of property in question. It appears, however, that the primary controversy relates to cash obtained from the sale of cattle and hamburger, a mixed batch of silver coins, a diamond ring and a gold watch, and other money belonging to Mr. Boyce at the time of his death. Generally, from the record we found the following evidence.

Shortly before Mr. Boyce's death, Ms. Lopez testified that he had sold cattle to Ms. Harr and her father-in-law. In a somewhat confusing scenario, it appears that a total amount of $2626.00 was paid for the cattle and that two checks were given to Ms. Lopez for that sale. Mr. Harr paid Ms. Lopez $1,751.00 for the cattle sale and the remaining $875.00 was paid by Ms. Harr. Ms. Lopez deposited the $1,751.00 in a joint account she held with Mr. Boyce but returned an $875.00 check to Ms. Harr.

Ms. Lopez also testified that in another transaction, unrelated to the sale of cattle to the Harrs, Mr. Boyce had arranged for some of his other cattle to be butchered for hamburger and to be sold, the proceeds of which had not been collected at the time of his death. Ms. Lopez further testified that she collected $400.00 from the hamburger sales and deposited that money in the joint account she held with Mr. Boyce.

There were also several witnesses who testified concerning a "canner" of mixed silver coins. Howard Ferris, Melvin Casada, Richard Boyce, the appellant and the appellees, testified that they had seen the "canner" of silver coins. Yet, none of the witnesses knew the actual amount of coins in the container at the time of Mr. Boyce's death, and each witness merely estimated the weight of the "canner." Furthermore, Ms. Lopez testified that the "canner" of silver money was taken from her home after Mr. Boyce's death without her permission by Ms. Harr and Ms. Riggs. However, Ms. Harr and Ms. Riggs testified that they removed the coins at the request of Ms. Lopez. When the "canner" was returned to Ms. Lopez by Ms. Harr and Ms. Riggs, Ms. Lopez testified that there was $1240.00 of coins in the "canner."

The appellant, Ms. Lopez, and Richard Boyce also testified that Mr. Boyce owned some "rolled" silver dimes and "war dimes" at the time of his death. Ms. Lopez stated that she did not know the actual amount of silver dimes and war dimes that Mr. Boyce had collected but the appellant testified that there were $550.00 of rolled dimes, $220.00 of which were "war dimes." Richard Boyce testified that he believed

1. We note that it is unfortunate that only the appellant filed a brief before this Court.

2. Under the settlement agreement, the parties equally divided Mr. Boyce's cattle and firearms.

In addition, the parties agreed that the house trailer and farm tractor should be given to Ms. Lopez and the Chevrolet truck should be given to the appellant.

there were "four or five hundred dollars worth" of silver dimes belonging to Mr. Boyce.

Testimony was also given concerning a diamond ring and a watch owned by Mr. Boyce. The evidence revealed that these items were taken from Mr. Boyce's body by the funeral director and given to Deborah Boyce Riggs. At trial, Ms. Riggs maintained that she placed those items back into the casket before it was closed.[3]

There was also evidence that at the time of Mr. Boyce's death, he was in possession of: (1) "five gallons of pennies"; (2) one fruit cake can of mixed silver coins; (3) a $500 bill; (4) a cigar box containing some railroad watches, a centennial fifty-cent piece and a Grant fifty-cent piece; (5) bonds and five one-hundred dollar bills contained in a safety deposit box; (6) approximately $2,000.00 in Mr. Boyce's billfold; (7) red sealed currency; (8) money in a "false bottom drawer" in the farmhouse; (9) $29,-000.00 concealed in a living room chair; and (10) money in the safe in the upstairs of the Strand poolroom.[4]

At the conclusion of the evidence, the trial judge directed a verdict in favor of the appellant requiring Ms. Lopez to pay the estate $875 for the check she returned to Ms. Harr from the cattle sale, $5,005 for the "rolled" silver dimes, and $3,000 for the money in the decedent's billfold. The trial judge directed a verdict on behalf of the appellees on all other issues. It is from that judgment that the appellant now appeals.

■ The general rule relating to directed verdicts was stated by this Court in syllabus point 5 of *Wager v. Sine*, 157 W.Va. 391, 201 S.E.2d 260 (1973): "Upon a motion for a directed verdict, all reasonable doubts and inferences should be resolved in favor of the party against whom the verdict is

asked to be directed." *See also* syl., *West Virginia Dept' of Highways v. Wheeling Antenna Company, Inc.*, 178 W.Va. 713, 364 S.E.2d 39 (1987); syl., *Pritchett v. Affinity Mining Co.*, 177 W.Va. 679, 356 S.E.2d 18 (1987); syl. pt. 3, *Covey v. Fields*, 177 W.Va. 481, 354 S.E.2d 413 (1987); syl. pt. 2, *Arcuri v. Great American Ins. Co.*, 176 W.Va. 211, 342 S.E.2d 177 (1986); syl. pt. 1, *Rowan v. Barker*, 175 W.Va. 492, 334 S.E.2d 630 (1985); syl. pt. 3, *Robertson v. LeMaster*, 171 W.Va. 607, 301 S.E.2d 563 (1983); syl. pt. 1, *Jimco Supply Co., Inc. v. Neal*, 166 W.Va. 794, 277 S.E.2d 626 (1981); syl. pt. 2, *Ashland Oil, Inc. v. Donahue*, 164 W.Va. 409, 264 S.E.2d 466 (1980).

■ In directing a verdict in favor of the appellees on most of the issues, the trial judge failed to touch upon other evidence which was proper for the jury to decide. For example, there was testimony by several witnesses relating to a "canner" of mixed silver coins which the trial judge failed to address in the directed verdict. There was also testimony by Ms. Lopez relating to $400.00 she received from the sale of Mr. Boyce's hamburger that the trial judge overlooked. Furthermore, there was conflicting testimony in the record concerning the value of the "rolled" silver dimes,[5] and the amount of currency found in the decedent's billfold. These issues should have been resolved by the jury.

We recognize the dilemma of the trial judge in this case because of the confusing manner in which the evidence was presented. However, when viewing this evidence in a light most favorable to the appellant, we conclude that this was a proper case for jury determination and accordingly, we reverse the trial court's order and remand

---

**3.** The trial court denied a pre-trial motion by the appellant to exhume the body of Mr. Boyce to determine whether these items had been placed into the casket.

**4.** The ownership of the Strand poolroom was also raised as an issue by the appellant. However, the evidence clearly indicates that the Strand poolroom was owned by Ms. Lopez's

husband until his death in 1954, at which time she became the owner. Ms. Lopez sold that business to John Biddle after Mr. Boyce's death.

**5.** The appellant points out in his brief that the trial court "valued the dimes higher than what the testimony said they were worth, which is an incorrect benefit to [the appellant]."

this case to the Circuit Court of Taylor County.

Reversed and remanded.